Samuel H. Hofstadter, J.
The petitioners, one an enrolled Republican voter and a member of the Republican County Committee for Bronx County, one a candidate of the Republican Party for Member of the Assembly, 6th Assembly District, Bronx County, in the 1958 General Election, and the others *944 described as registered Republican voters residing in. The Bronx, by order to show cause apply for an order directing an accounting by the Chairman and Treasurer of the Bronx Republican County Committee of its funds, directing its treasurer to file a supplemental or corrected statement of campaign receipts and expenditures for the year 1958 and appointing a receiver of the funds and assets of the County Committee. Forming part of the motion papers are also a summons and complaint in an action in which the petitioners are named as plaintiffs and the respondents as defendants. The complaint follows the same general lines as the petition and demands the same relief. A cross motion to dismiss this complaint pursuant to rules 106 and 107 of the Rules of Civil Practice is also before the court.
Insofar as the petitioners-plaintiffs find fault with the 1958 statement of campaign receipts and expenditures, their complaint has become moot, for a corrected statement has already been filed. Moreover, this part of their asserted grievance has no proper place in the complaint in any event, for, under sections 330-335 of the Election Law which govern the subject, one who attacks the sufficiency of such a campaign financial statement is required to institute a special proceeding by petition. Obviously, since the corrected statement is now on file, no relief in respect of the original statement may be granted.
It is unnecessary to recite at length the charges made or the answer to them which, among other things, vigorously impugns the petitioners’ good faith. From a study of the papers the court is persuaded that the standing of the petitioning member of the present County Committee to demand an accounting is doubtful at best and that, even were his standing less obscure, his vague and conclusory charges and the complete absence of proof of dissipation or misappropriation of the committee’s funds do not make out a case for an accounting. A fortiori, the demand for a receivership is wholly without basis. The complaint, aside from the improper inclusion of the attack on the 1958 campaign statement, lacks appropriate factual allegations, as distinguished from bare conclusions, of grounds sufficient to entitle the plaintiffs to an accounting.
The court has noted the letters of the respective attorneys dated November 12 and 13, 1959, with respect to the supplemental campaign statement. So far as the payments to the treasurers of the separate executive district committees are concerned, even assuming that each of these committees may not be regarded as “ another political committee ” within the meaning of section 321 of the Election Law, nevertheless it *945 would be wholly impractical and there is nothing in the section which requires the County Committee itself to account in further detail for these in every instance comparatively small sums.
Accordingly, the application brought on by the order to show cause is denied in all respects and the cross motion to dismiss the complaint is granted.