John- S. Marsh, J.
Petitioner, Lois Bobseine, individually, as a member of the Republican County Committee of Cattaraugus County, and on behalf of other members of said committee, in this proceeding, under article 78 of the Civil Practice Act, seeks an order of this court, annulling the refusal on the part of the defendants-respondents, to call a meeting of the County Committee for the purpose of “ holding new elections of officers for all positions of the Cattaraugus County Republican Committee,” as demanded in a petition signed by a number of members of said committee, and requiring respondents to give written notice of such a meeting as provided in the rules of the said committee.
Respondent Schaack is chairman of the committee, respondent Massar, secretary, respondent Campbell, vice-chairman, and respondent Hutcheson, treasurer, all such officers having been duly elected at the organization meeting of the committee held September 22, 1962.
The Republican Committee of Cattaraugus County is an organization formed pursuant to the provisions of the Election Law and functions under rules adopted by the committee as authorized by the Election Law.
Article 8 of the Rules of the Committee provides that “ A meeting of the County Committee — shall be called by said Chairman, or by the Secretary, upon a written request therefrom, signed by twenty or more members of said Committee. ”
It appears that on October 5, 1962, there was served on respondent Massar, as secretary of the county committee, a petition signed by more than 20 members of the committee, demanding the calling of a meeting of the committee within eight days, for the purpose of holding a “ new election of officers for all positions of the Cattaraugus County Republican Committee.” No meeting for the purpose stated was called and by a letter dated October 9,1962, addressed to all members of the committee, the respondent Schaack stated it to be his position ‘ ‘ that the stated purpose of the petition is improper — , that the petition is without merit and contemplates action on business not authorized under our rules and by-laws”. Petitioner asserts *153 that the calling of the meeting requested, is a duty imposed upon the chairman and secretary of the committee by law, which she has a right to have enforced by this court.
Respondents assert that the purpose designated by this meeting is not valid or lawful and in fact would be in violation of the rules of the committee and the Election Law and that the petition herein should therefore be dismissed.
The issue then before the court is whether under the circumstances here presented, a meeting of the county committee can be properly and lawfully convened for the purpose of a “ new election of officers.”
Under article 2 of the Rules of the Committee adopted pursuant to section 13 of the Election Law, it is provided that: 1 ‘ Members of the County Committee shall be elected biennially in each even numbered year. They shall be elected at the Spring Primary in a year when electors of President and Vice-President of the United States are to be elected, and at Fall Primary in a year when such electors are not to be elected and hold office until the election of their successors.”
Pursuant to section 15 of the Election Law, article 4 of the Rules provides: 11 The officers of the County Committee shall be a chairman, a vice-chairman, a treasurer, a vice-treasurer, a secretary and a vice-secretary. They shall hold office until their successors have been elected. Such officers shall be enrolled voters of the party, residing within the County, but need not be members of the Committee.”
As to the organization of the county committee, article 3 provides : “A regular meeting of the Republican County Committee shall be held within 15 days after each primary election at which members of the County Committee are elected, for the purpose of organizing said Committee and for the election of officers thereof, and for the purpose of transacting such other business as may come before the meeting.”
The rules quoted contain all the references in the rules of the committee having to do with the organization of the committee and no additional references are found in the Election Law.
From an examination of these provisions it appears to the court to be their clear purpose that the organization of the committee by the election of officers required to be effected at the organization meeting is to constitute the continuing organization of the committee during its term of office. The committee itself holds office until its successor members are elected at the following biennial primary election and there is nothing in the statute or rules which would limit the term of its officers as designated at the organization meeting to any lesser period. *154 Thus the committee as organized, its members and officers retain their positions throughout the period for which the committee was elected.
While provision is made by section 16 of the Election Law and article 6 of the rules for removal of members after notice and hearing on charges, no provision is made for the removal of an officer as such, who is duly qualified and elected and in this proceeding no challenge is made by petitioner either to the legality of the election of the officers of the committee or their legal qualifications to hold office.
The officers of the county committee being duly qualified and elected to hold their respective offices during the term of office of the members of the county committee which does not expire until the 1964 Fall primary elections, no valid and lawful purpose would be served by calling a meeting of the county committee to hold a new election of officers at this time and an order may therefore be entered dismissing the petition herein.