A. Franklin Mahoney, J.
On December 22, 1969, the Rensselaer County Committee of the Republican Party, pursuant to a call from the secretary of said committee, met and passed the following resolutions:
(a) demanding the immediate and unconditional resignation of Joseph Casey as county chairman of the Rensselaer County Republican Committee;
(b) removing Joseph Casey as county chairman of the Rensselaer County Republican Committee, effective immediately;
(c) electing George Nuttall to the office of county chairman of the Rensselaer County Republican Committee to succeed Mr. Joseph Casey, effective immediately.
The first resolution, after lengthy and protracted argument about the voting of proxies, passed by a substantial margin but Mr. Casey refused to abide by the result and tender his resignation. The second resolution was passed which purported to remove Mr. Casey as chairman and the meeting proceeded to elect George Nuttall chairman effective December 22, 1969.
Mr. Casey then commenced this proceeding pursuant to article 78 of the CPLR to review the minutes of the December 22 meeting and for a declaration by the court that said meeting was void.
Respondent Nuttall then moved for an order, pursuant to CPLR 404, dismissing the Casey petition on both procedural and substantive grounds.
Procedurally, Nuttall claims that the petition must be dismissed because subdivision 2 of section 330 of the Election *388 Law provides the sole and exclusive remedy or, in the alternative, that title to office can only be tested in a quo warranto proceeding pursuant to section 63-b of the Executive Law. The court cannot accept either of those contentions.
Subdivision 2 of section 330 of the Election Law vests in the Supreme Court jurisdiction to summarily determine any question of law or fact as to the nomination of any candidate, or his election to any party position. The term “ party position ” is defined in section 2 of the Election Law as meaning ‘ ‘ membership in a party committee or the position of delegate or alternate to a party convention ’ ’. Mr. Casey is not a member of the Rensselaer County Republican Committee nor are we concerned with the position of delegate or alternate to a party convention. Petitioner Casey, as of December 22, 1969, was, as chairman, a “party officer ” which is defined in section 2 of the Election Law as meaning “ one who holds any party position or any party office whether by election, appointment or otherwise (Italics supplied.) Accordingly, one who holds a party office, but is not a member of the county committee, does not fall within the purview of subdivision 2 of section 330 of the Election Law. This section of the Election Law was intended by the Legislature to provide equitable summary jurisdiction in the court to settle matters affecting the presentation of candidates for public office to the voters, while leaving intra-party difficulties to party control (Matter of Ganley, 90 Misc. 445; Matter of Battipaglia v. Executive Committee of Democratic County Committee, 20 Misc 2d 226, 227).
Similarly, quo warranto is not an appropriate vehicle for the relief sought. Section 63-b of the Executive Law provides that the Attorney-General may, upon his own information, or upon the complaint of a private person, maintain an action against a person who unlawfully holds a public office. The position of chairman of a political committee is not a public office nor is the holder thereof a public officer. A political committee is an unincorporated association that is unrepresentative of tire public at large, available only to those members of the public who choose to ally themselves with it. The chairman of such a committee is not the recipient under any laws of duties to be discharged or powers to be exercised on behalf of or in the name of any sovereign. When a political chairman, who is not a member of the county committee he heads, acts, he acts privately and consequences flowing therefrom are without force and solemnity because they are unauthorized and unsanctioned by any statute of general application. Article 2 of the Election Law grants no powers to a county chairman, wisely leaving such *389 matters to the rules of the individual party. Further, by definition a county chairman is not a public officer (Public Officers Law, § 2).
The question of whether an article 78 proceeding in the nature of mandamus will lie to review the dismissal of a county chairman and the election of a successor must, in this case, rest upon the resolution of another question. Did the Rensselaer County Republican Committee on December 22, 1969 have an operative set of rules governing its conduct? Respondent Nuttall insists it did not, because the alleged rules were not filed with the Secretary of State and Rensselaer County Board of Elections as required by subdivision 2 of section 15 of the Election Law. The failure to file, Nuttall insists, voids the rules and made Casey a chairman “ at will ” who could be replaced at any time. Nuttall gives no authority for this position other than the mandate of the statute requiring filing. In my view, this is not enough. The Election Law is notorious for its omissions respecting the conduct of intra-party affairs of political parties, feeling that such matters should be left to the determination of the parties which are authorized to adopt their own rules. Since the law provides no sanction for non-filing of rules the court can provide none. The court sometimes errs when it acts judicially but it always errs when it attempts to legislate. In the absence of statutory sanction for nonfiling it seems more reasonable to the court to regard the mandate for filing as providing a source of information for those members of the party or public interested in ascertaining what the adopted rules are. Next, if I were to adopt Nuttall’s position that the rules are void for nonfiling, his plenary argument that he was lawfully elected must fail. If the rules are void so are the proxies voted at the December 22 meeting. It is the rules and not the law that provide for proxy voting and without proxies there was not a quorum at the challenged meeting.
It is, therefore, my finding that the rules and by-laws of the Rensselaer County Republican Committee adopted pursuant to subdivision 2 of section 15 of the Election Law, as amended on July 30, 1941, were in effect on December 22, 1969, and, as amended, provided in article Y, section 1 for the biennial election of officers within 20 days after the election of the members of the county committee at the primary election.
This finding that the rules were operative in December, 1969, forces the further finding that an article 78 proceeding is appropriate to review the challenged meeting. There can be no doubt that mandamus cannot be used to review the conduct, management and control of purely voluntary associations *390 (McKane v. Adams, 123 N. Y. 609) but it is likewise beyond doubt that such judicial review is appropriate where the unincorporated or voluntary organization, such as a political committee, is recognized by statute and adopts rules the genesis of which is on laws of general application. A political committee derives its powers and rights from the State and it is this source of authority that infuses its activities with a public interest that is subject to judicial protection (People ex rel. Trayer v. Lauterbach, 7 App. Div. 293; Matter of Battipaglia v. Executive Committee of Democratic County Committee, supra).
Finally, respondent Nuttall argues that if the rules are held to be valid, despite the nonfiling, the petition must be dismissed because an article 78 proceeding cannot be used to review both questions of law and questions of fact. While the court concurs with the point implicit in the contention it must, nevertheless, reject the conclusion. It is not necessary to review any factual issues in order to resolve the issue before the court. The meeting of December 22, 1969 was void as a matter of law because it contravened the rules of the Rensselaer County Republican Committee. This committee adopted rules for the regulation and government of its affairs and such rules are effective unless they run counter to some express provision of the organic law. Further, where rules have been adopted by a county committee of a political party they must be conformed to until amended or changed. So long as they are in force they are the private law of the committee and must be obeyed, and when such rules are not repugnant to any provision of the Election Law they must be enforced by the court (Matter of Davie v. Riesner, 13 Misc 2d 1019; 18 N. Y. Jur., Elections, § 26, p. 47).
Article V, section 1, as amended, of the rules provide that:
“ BIENNIAL ORGANIZATION OE THE COUNTY COMMITTEE OP THE county op rensselaer. The members elected from the several election districts of the County of Rensselaer to the County Committee shall within twenty days after the primary election at which county committeemen are elected meet and organize by the election of such officers as hereinbefore provided ”. Article IV, section 1, of the rules provide that: “ The Republican County Committee of the County of Rensselaer shall have the following officers, to wit: A Chairman * * * Such officers shall be enrolled voters of the Republican party, but need not be members of said committee ”. Section 1 of the by-laws states: 1 ‘ Meetings of the County Committee shall be held when called by the Chairman in his discretion, or by the Secretary upon the written request of ten members of the committee * * * At this meeting candidates for office shall *391 be considered and may be recommended to the voters, and a party platform and policies shall be formulated ”,
The rules and by-law quoted contain all the references in the formal rules of the committee with respect to the election of officers. Clearly, at any duly called meeting, other than the biennial organization meeting, the committee can only consider the qualifications of candidates for office and party policy as formulated in its platform. This is not a finding of the court. It is the absolute mandate of the rules. The only meeting that can elect officers is the biennial organization meeting which can only be held after committeemen have been elected at the primary election. In the absence of any statute or rule to the contrary the conclusion that said officers so elected serve for the duration of the term of the committeemen is inescapable (Matter of Bobseine v. Schaack, 38 Misc 2d 151).
Petitioner Casey was duly elected chairman of the Rensselaer County Republican Committee in June, 1968 and, under the rules, cannot be removed until the biennial organization meeting in June, 1970.
This is not to say that no political chairman can be removed during his term. Rather, it is a holding that in the absence of a rule providing the machinery for such action, his term is concurrent with the term of the committeemen who elected him.
Since the court has determined this matter on an issue of law, it is unnecessary to discuss the conduct of the challenged meeting.
The three resolutions passed at the December 22,1969 meeting are declared to be null and void. Petitioner Casey is the duly elected chairman of the Rensselaer County Republican Committee and shall continue as such until the members of said committee are elected at the June, 1970 primary election.