A. Franklin Mahoney, J.
The petitioner seeks an order “ requiring the respondent to file not later than November 2, 1973 a full and complete personal financial statement with the Bethlehem Town Clerk setting forth all cash or other things of value received or expended in the campaign to elect the respondent as required by Election Law, Section 322 ”.
Paragraph 5 of the petitioner’s affidavit admits that the respondent .filed a personal financial statement for his campaign, with the Bethlehem Town Clerk. However, he insists that such filing failed to satisfy the requirements of section 322 of the Election Law in that the respondent averred that he had no receipts and no expenditures.
The petitioner cites subdivision 1 of section 334 as his authority for conferring jurisdiction upon the court to compel a filing *505 by the respondent in keeping with the spirit and intent of sections 322 and 323 of the Election Law.
In support of his contention that respondent’s filing is inadequate and not in keeping with the statutory mandate, the petitioner, under oath, caused to be marked for identification and received into evidence, without objection, eight exhibits which purported to prove that the respondent had either directly or indirectly benefitted by the publication and distribution of a brochure which included the names and designations of all Republican candidates in the Town of Bethlehem together with all propositions and amendments to be voted upon by the electorate, which brochure he appraised at a cost of $1,500; bumper stickers containing the name of the respondent which he estimated to cost $150 to $200 per 1,000; newspaper advertising in a town newspaper called the Spotlight wherein on October 25, 1973 the respondent had one-half page and one-third page political advertisements and on November 1,1973 a full page, one-half page and one-third page political advertisements which had a pro rata cost of $380 based on a cost of $180 per page; multiple colored flyers sufficient in number to cost, in petitioner’s view, $600; outdoor advertising signs and a six-page booklet, entitled “ Republican Record ”, for which he could give no estimated cost. Finally, the petitioner testified that he had read a report in the local newspaper, Spotlight, that the Bethlehem Republican Women’s Club had made a $1,000 donation to the respondent. The attorney for the respondent did not conduct any cross-examination of the petitioner with respect to any of the items referred to above nor as to their estimated costs.
In sum, it is the contention of the petitioner that subdivision 1 of section 322 of the Election Law compelled the filing by the respondent and also mandated that said sworn statement shall set “ forth the particulars specified by section three hundred twenty-one, as to all moneys or other valuable things, paid, given, expended or promised by him to aid his own nomination or election * * * or to aid or influence the nomination or elecr tion or the defeat of any other candidate to be voted for at the election * * * including contributions to political committees * * * and of moneys or other valuable things received by or promised to him to be used for any of the purposes above specified ”. The statement as filed, petitioner contends, failed to meet the statutory standards.
It is the contention of the respondent that the court is without jurisdiction to entertain this application since the language of subdivision 1 of section 334 provides for a post-election remedy. *506 Next, the respondent contends that he did in fact file a statement as required by section 322, within the time required by section 323 and in the place required by section 324 of the Election Law, and that should the court grant the relief sought it would only be ordering respondent to refile a financial statement which he has already filed. The respondent further contends that any moneys that have been expended to pay for brochures, booklets, bumper stickers, newspaper advertisements, flyers, letters and advertising signs were from moneys received by the Republican Committee of the Town of Bethlehem, which committee is not required to file statements of receipts and expenditures pursuant to the provisions of section 328 of the Election Law.
In the court’s view, the procedural remedy provided by subdivision 2 of section 334 of the Election Law is not a post-election remedy. The petitioner herein is a Democratic candidate for the public office now held by respondent. Accordingly, he is a “ candidate voted for at the election or primary ” in that he could not presently hold the designation for the office he seeks if he had not been chosen at the last primary election. Next, in my view, the court can compel by order ‘ ‘ any person required to file a statement of receipts, expenditures, or contributions for campaign purposes who has filed a statement which does not conform to the requirements of the Election Law in respect to its truth, sufficiency in detail, or otherwise ” (18 N. Y. Jur., Elections, § 479; emphasis supplied). Such supplemental statement would have the effect of making an incomplete filing true and complete. However, the order sought herein would compel a supplemental filing “ not later than November 2, 1973 ”. This is not only impractical, since the order sought herein could not be signed before November 2, 1973, but is also violative of the provisions of section 334 of the Election Law which provides that should any person be so ordered he has until five days after notice of the order to file such statement. Such a filing, therefore, could not be compelled to be made at a date earlier tba.-n November 7,1973, the day following the general election for the year 1973.
Consideration, therefore, of the fact that all of petitioner’s proof respecting election materials, with the exception of the alleged $1,000 donation to respondent by the Town of Bethlehem Republican Women’s Club, which is based upon the rankest hearsay, may be attributed to receipts and expenditures of the Republican Committee of the Town of Bethlehem, which has no obligation to file (Election Law, § 328), and to the fact that if *507 the order sought were to be granted that it lies within the discretion of the respondent herein not to file a supplementary statement until November 7, 1973, which would not serve the purpose of enlightening the electorate of the town as to respondent’s receipts and expenditures, if any, it would appear that petitioner has not timely instituted the within petition so as to effectuate a result in keeping with the statutory purpose of compelling candidates for office to file their first statement in a full and satisfactory manner as required by section 323 (subd. 1, par. a) of the Election Law. It follows, therefore, that since the court is without authority to compel a pre-election filing, constrained as it is by the fact that petitioner did not make this matter returnable until November 1, 1973, and, further, since the respondent is statutorily required to file a second statement within 20 days next succeeding the election (Election Law, § 323, subd. 1, par. b) the only relief to petitioner that the court could provide by granting the petition herein will be available at the time of the second filing.
. For the reasons given above the court is of the view that the petition was not timely commenced.
The petition is dismissed.