Abthub S. Hibsch, J.
Petitioner Robert E. Barnes (Barnes) is the chairman of the Queens County Republican County Committee (County Committee). Respondent John J. Durante (Durante) is being sued individually and in his capacity as the secretary of the County Committee and as the chairman of the executive committee thereof, in addition in Ms capacity as the Queens County Clerk and Clerk of the Supreme Court in Queens County. The relief sought is threefold: (1) to invalidate respondent’s election to the two aforesaid party offices; (2) for an accounting of the funds of the County Committee; and (3) for various other items of relief as respects the operation of the party headquarters.
1
The main thrust of petitioner’s allegations with respect to respondent holding party office is that he is disqualified by vir *883 tue of Ms being Queens County Clerk and Clerk of the Supreme Court in Queens County. During the pendency of this proceeding, Durante resigned from his position as chairman of the executive committee and a replacement was elected. Petitioner now contends that the election of Durante’s successor, Melvin Klein (Klein), is invalid since Durante’s original election was a nullity, and thus Durante had no power to call a meeting at which Klein was elected.
Petitioner’s claim that Durante is disqualified to hold party office is based on a rule or policy ’’ of the Appellate Division and various statutory and constitutional provisions.
The County Clerk of Queens County is appointed and subject to removal by the Appellate Division, Second Department (N. Y. Const., art. XIII, § 13). While there does not appear to be any established rule of the Appellate Division as to restricting a County Clerk’s participation in politics, tMs court has been informed that it is the policy of the Appellate Division in this Department that a County Clerk shall not be the County Chairman of a political party.
Such a policy, even if it were actually an officially promulgated rule, would not operate to disqualify a County Clerk from holding such a position. It would simply mean that if he assumed such a position, the Appellate Division could very well remove Mm as County Clerk. The courts of this State have consistently held that such is the effect of the Federal u Hatch Act ” and similar laws which restrict the political activities of certain governmental employees (Matter of Angarano v. Van Wart, 42 A D 2d 335 [2d Dept.]; Amelio v. Van Wart, 41 A D 2d 948 [2d Dept.]; Gretzinger v. Northrup, 34 A D 2d 1095 [4th Dept.]; Reilly v. Heffernan, 73 N. Y. S. 2d 312, affd. 272 App. Div. 964 [1st Dept.]).
Petitioner’s argument that the “ Hatch Act ” and similar State laws have been recently upheld by the United States Supreme Court is of no consequence. The two cited cases (United States Civ. Serv. Comm. v. National Assn. of Letter Carriers, 413 U. S. 548; Broadrick v. Oklahoma, 413 U. S. 601) involve statutes which specifically restrict the type of political activity herein complained of (U. S. Code, tit. 5, § 7324, subd. [a], par. [2]; 74 Ok. St. Ann. Sec. 801, et seq., 818, 819). As heretofore stated, the effect of such a statute would be to put one’s governmental position in jeopardy, not his political office.
However, it should be noted that New York has no law which has the same provisions as either the “ Hatch Act ” or the *884 Oklahoma statute. New York does have certain statutes which, as their Federal and Oklahoma counterparts, do prohibit such activities as solicitation of political assessments from coemployees in governmental agencies, the “ selling ” of governmental positions, etc. (Civil Service Law, § 107; Election Law, §§ 447, 448).
The Constitution of the State of New York has placed strict restrictions upon the holding of political party office by certain Judges. Section 20 of article VI prohibits certain Judges from being candidates for other than judicial office, or their holding and exercising powers of any office of any political organization. However, as with the “ Hatch Act ” these provisions are enforced, hot by taking away the political office, but by creating a vacancy in the judicial office (see Matter of Feit v. Board of Elections of City of N. Y., N. Y. L. J., May 9, 1973 p. 18, col. 6 [Saypol, J.], affd. 41 A D 2d 916, affd. 32 N Y 2d 835). Moreover, the Constitution is specific in stating just which judicial offices are affected by section 20 of article VI and the argument that the position of County Clerk or. Clerk of the Supreme Court is included therein is without basis.
Petitioner has not set forth any other legal authority which would warrant this court’s finding that Durante was not duly elected as chairman of the executive committee and secretary of the County Committee. It thus follows that, in the absence of any showing of irregularities, Klein’s election as chairman of the execiitive committee upon Durante’s resignation was also proper.
It is apparent from the moving papers and the various proceedings and arguments before the court' that there exists considerable intra-party bad feeling and this is augumented by veiled hints of fraudulent and dishonest practices by the respondent and a general investigation of his activities is sought. This court is not interested in the intra-party strife or ill feeling which has existed or may exist between these litigants and has no intention of permitting and will not permit the court to be used as a medium for the venting of personal spleen. The court is concerned solely with carrying out and giving effect to the objects and purpose intended by the Legislature in the enactment of the Election Law.
Petitioner is advised that any complaints as to Durante’s performance of his functions as County Clerk and Clerk of the Supreme Court, Queens County, should be directed to the Appellate Division, Second Department, and as to any other alleged improper activities by Durante to the various investigatory "agencies.
*885 n.
The County Committee of a political party in New York State is a creature of statute (Election Law, § 10 et seq.). I't is the local arm of the party and is the body through which the party’s internal affairs are handled at a county level. The functions include the promotion of the party’s candidates for public office, the raising of campaign funds and the solicitation of new party members (see Seergy v. Kings County Republican County Comm., 459 F. 2d 308).
There is no statutory authority which gives this court jurisdiction to probe into the internal finances of such a committee. However, in the case of Queens County, one entity is used for both the internal finances and campaign finances of the Republican Party thus subjecting this entity to several statutory requirements as to campaign financing.
Article 13 (§§ 320-328) of the Election Law sets forth specific requirements for the reporting of campaign receipts, expenditures and contributions. This article is applicable to “ political committees,” those which take part in the election or defeat of a candidate or candidates for office rather than those organized for the discussion and advancement of political questions not connected with any election (Election Law, § 320).
The name of the treasurer of all such committees must be filed with the Secretary of State (§ 325) and he must keep detailed records of all contributions, receipts and expenditures and file sworn statements of those items (§ 321). Similar provisions exist in Federal law with relation to committees which accept contributions or make expenditures in excess of $1,000 per annum for the election of Congressmen, United States Senators, the President and Vice President (U. S. Code, tit. 2, § 431 et seq.). Contributions and expenditures are there defined to include transfers of funds between committees and reports are required to be filed with the United States Government with copies sent to the appropriate Secretary of State.
The committee in question has recognized its position as being subject to the afore-mentioned requirements of article 13 of the New York Election Law. Its treasurer, Chester Schwimmer, has filed several “ political committee statements ” with the Secretary of State in an attempt to comply with section 321 of the Election Law. An examination of the various statements filed reveals that the Queens County Republican County Committee participated in elections involving both Federal and local candidates. In addition, expenditures were made relating to the election of the President and Vice President of the United States in 1968 and 1972.
*886 In 1972, section 328 of the New York Election Law was amended to include the following: “ This article shall not apply to any candidate or committee who or which, pursuant to the. laws of the United States, is required to file a statement or report of the campaign receipts, expenditures and liabilities of such candidate or committee with an office or officer of the government of the United States and a copy thereof in the office of the secretary of state.” (L. 1972, ch. 947.)
This amendment was made to eliminate the. necessity for dual filings and conforms to the afore-mentioned Federal statute which became effective April 7, 1972 (U. S. Code, tit. 2, § 439).
Due to the lack of segregation of internal party funds from campaign funds and between the campaign funds of various candidates, it is impossible to determine just which contributions were expended for Federal candidates, which for local candidates, and which were used for internal party affairs. Copies of any statements filed with the Federal Government for periods after April 7, 1972 would have to be filed with the Secretary of State; thus the committee would then not be subject to article 13 of the Election Law for those periods. For the periods prior to that date, the committee would have to comply with the New York law.!
It is apparent, from the statements that have been filed, that the Queens County Republican County Committee has not complied with either law. The committee has not in any of its reports listed the names of those who make contributions to it, even though such disclosure is required by law (Election Law, § 321; U. S. Code, tit. 2, § 434 [itemization of contributions over $100]). Furthermore, both the Federal and State laws require itemization of expenditures including dates, names and purposes. The purposes of these expenditures must be set forth in detail and several items must not be lumped together under a general heading (Matter of Baxter v. Farkas, 176 Misc. 855).
Section 334 of the New York Election Law provides the machinery for enforcement of the provisions of article 13. Upon a proper case, the Supreme Court has the jurisdiction to conduct a judicial audit of campaign finances so as to correct any statements filed (Matter of Baxter v. Farkas, supra; see, also, Matter of Ryder v. Winner, 20 Misc 2d 943). However, a proceeding under section 334 must be brought by either five qualified voters or a candidate voted for at an election in which the committee participated, against the person whom they are attempting to compel to either file or correct statements of campaign receipts and expenditures. In the instant proceeding, neither the proper petitioners nor respondent are present. The proper respondent *887 would be Chester Schwimmer, the treasurer of the committee, who has the responsibility to file the required statements. Further litigation may be avoided by the filing of proper amended statements by the Treasurer.
The Federal statute here involved is enforceable by the making of a complaint by any person to the officer with whom the statements are required to be filed. An investigation is then made and if any judicial action is necessary, it is in the form of a civil proceeding instituted by the Attorney General in the United States District Court (U. S. Code, tit. 2, § 438, subd. [d], par. [1]).
III.
Petitioner sought relief as to the operation of the county headquarters.
Section 3 of article V of the by-laws of the County Committee of the Republican Party of Queens County provides as follows: “ Sec. 3. The Executive Committee shall elect its. own officers; shall have general management of party affairs; shall have custody, management and control of the property, funds and headquarters of the County Committee ”.
Petitioner is at liberty to have the Executive Committee at any meeting thereof overrule any decision made by its officers as to the operation of the county headquarters with which he disagrees.
In view of the foregoing, the relief requested is denied in all respects and the complaint is dismissed.