OPINION OF THE COURT
Memorandum.
Order affirmed, without costs. Internal affairs of political parties may be regulated by the State. They are not private associations, but associations with public and quasi-official status performing a governmental, or at least quasi-governmental, function in the electoral process. Moreover, most of the internal activities of the political party are relevant to the role it performs in nominating and electing candidates.
In order to implement the "one-man one-vote” principle, the Legislature could have used either the number of enrolled members or the gubernatorial vote to measure the effective influence which committeemen should have. In choosing the gubernatorial vote, the Legislature was free to go beyond Federal constitutional principles as elaborated by the Supreme Court.
Defendants argue unpersuasively that section 12 of the Election Law permits non-Democrats to interfere in the internal affairs of the party. Only Democrats are eligible to be committeemen, and only Democrats are entitled to vote for them. Section 12 simply determines the weighted vote the committeemen should have. That weighted vote, the Legislature has determined, is measured not by the number of enrolled members, but by the effectiveness of the party in running up the Democratic vote for Governor in the district.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Cooke taking no part.
Order affirmed.