■ In the Matter of GERALD SINES, Petitioner, v OPPORTUNITIES FOR BROOME, INC., Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Broome County) to review a determination of respondent which terminated petitioner's employment.

Petitioner was employed as a foreman of laborers by respondent, a not-for-profit corporation, in April 1986. Petitioner was dismissed from his employment in December 1987 for alleg-

edly sleeping on the job, leaving materials at a work site and failing to supervise his work crew. Petitioner's subsequent attempts to protest the termination by respondent's grievance procedure were unsuccessful. A final decision upholding petitioner's dismissal was made by respondent's board of directors in September 1988. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking reinstatement and back pay. Supreme Court transferred the proceeding to this court.

Initially, we must address respondent's contention, rejected by Supreme Court as an objection in point of law prior to transfer, that petitioner has improperly sought relief against respondent by way of an article 78 proceeding. Contrary to respondent's arguments, an incorporated private not-for-profit corporation may be a "body or officer" (CPLR 7802 [a]) subject to mandamus* *(see, Vanderbilt Museum v American Assn. of Museums,* 113 Misc 2d 502; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7802.01). It is especially true here where petitioner alleges that respondent did not follow its own internal rules contained in respondent's employee rules and regulations in firing him *(see, Matter of Gray v Canisius Coll.,* 76 AD2d 30). Specifically, petitioner challenges respondent's determination on the basis that, *inter alia,* respondent did not properly obtain the approval of its executive director in terminating petitioner in accordance with its rules; that it improperly considered his full personnel record at his grievance hearing rather than just the charges of misconduct; and that respondent failed to make findings of fact concerning the alleged reasons for his termination. Petitioner also contends that the finding of just cause for dismissal was arbitrary and capricious and that the penalty of termination was disproportionately harsh considering the nature of the alleged offenses.

Turning to petitioner's argument that respondent failed to follow its own internal rules on dismissing him, we find this claim to be without merit. The record reveals that approval from respondent's executive director for his termination was properly given in accordance with its rules. In addition, respondent's rules do not require that formal findings of fact be submitted. The record is replete with documented reasons for petitioner's dismissal. Regarding the grievance hearing, we note that even if it were improper for respondent to consider

---

* On this point we must note that Supreme Court improperly construed the petition to be in the nature of certiorari and, finding a substantial evidence question, erroneously transferred the proceeding pursuant to CPLR 7804 (g). In the interest of judicial economy, we will nonetheless consider the matter *(see, Matter of Boodro v Coughlin,* 142 AD2d 820).

petitioner's complete personnel record at that time, there was other evidence to more than substantiate the specific incidents of misconduct for which he was terminated. Petitioner himself admitted that he had been sleeping on the job in his truck on the day in question. Although he claims this was because he was ill, this does not explain why he did not simply tell someone he was sick and go home. The record supports respondent's allegations of misconduct on the day petitioner was terminated and we therefore conclude that respondent's finding of "just cause" for petitioner's dismissal was not arbitrary and capricious. As for the penalty imposed, we find nothing shocking or disproportionate about it (see, Matter of Pollman v Fahey, 106 AD2d 771) especially in light of the documentary evidence on the record establishing petitioner's apparent inability to get along with his own supervisor or the workers for whom he was responsible.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.