■ In the Matter of NOAH MITCHELL, as Program Director of Human Sexuality of Syracuse Model Neighborhood Facility, Inc., Appellant, v JESSE DOWDELL, as Executive Director of Syracuse Model Neighborhood Facility, Inc., Respondent.— Judgment unanimously affirmed without costs. Memorandum: Petitioner was employed as the Director of a Human Sexuality Program operated by respondent Syracuse Model Neighborhood Facility. He commenced this CPLR article 78 proceeding to challenge respondent's determinations to suspend him temporarily from that position following his arrest on robbery and assault charges and to extend the period of suspension following his release from jail. The petition seeks reinstatement and back pay. Petitioner asserted that he was placed on a leave of absence without pay in violation of a provision in respondent's employee handbook limiting leaves without pay to situations where the employee makes a written application for leave.

Supreme Court erred in dismissing the petition on the ground that an article 78 proceeding in the nature of mandamus to review was not the appropriate vehicle to challenge a determination by a private not-for-profit corporation. That procedural vehicle is appropriate where, as here, petitioner contends that the corporation violated its own rules and regulations as set forth in its employee handbook *(see, Matter of Sines v Opportunities for Broome,* 156 AD2d 878; *Matter of Gray v Canisius Coll.,* 76 AD2d 30, 33).

We nevertheless conclude that the petition should be dismissed. There is no merit to petitioner's contention that respondent violated the leave-of-absence-without-pay provision of the handbook. That provision applies only to written requests for leave by permanent employees. Petitioner was a probationary employee. The employee handbook contains no provision precluding respondent from temporarily suspending probationary employees or unilaterally imposing a temporary leave of absence without pay. Moreover, the handbook does not expressly limit respondent's power to discipline or discharge probationary employees only "for cause". Although petitioner has additionally urged on appeal that he was wrongfully discharged, the petition, which was verified prior to the discharge, does not challenge that determination. In any event, the issue lacks merit *(see, Marvin v Kent Nursing*

*Home,* 153 AD2d 553, 554). (Appeal from Judgment of Supreme Court, Onondaga County, Miller, J.—Article 78.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.