■ In the Matter of JOHN P. McGLOINE, Appellant, v VINCENT NATRELLA et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Executive Committee of the Westchester County Committee of the Conservative Party of the State of New York amending the rules and regulations of the County Committee, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Carey, J.), entered June 18, 1991, which dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the petition is granted, the meeting of the Executive Committee of the Westchester County Committee of the Conservative Party held on March 7,

1991, and the amendments to the rules and regulations of the County Committee adopted thereat, are declared null and void.

We agree with the appellant that review pursuant to CPLR article 78 is available in the instant case (see, Matter of Casey v Nuttall, 62 Misc 2d 386; Matter of Battipaglia v Executive Comm., 20 Misc 2d 226). The petitioner, with respect to his allegation that the respondent Executive Committee acted beyond the scope of the powers granted to it, was not obliged to exhaust internal remedies (see, Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52; Matter of Caso v New York State Pub. High School Athletic Assn., 78 AD2d 41). The respondent Executive Committee had no power to amend or change the rules and regulations of the County Committee (see, Election Law § 2-114). Since the meeting of the Executive Committee of March 7, 1991, failed to comply with County Committee rules, we conclude that the meeting, as well as the amendments adopted thereat, are null and void. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.