■ In the Matter of HENRY P. OSET, Appellant, v CAN/AM YOUTH SERVICES, INC., Doing Business as ROSE HILL, et al., Respondents. [622 NYS2d 152] —White, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered October 14, 1993 in Franklin County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Can/Am Youth Services, Inc. dismissing petitioner from his employment.

In October 1988, petitioner was hired for the position of Executive Director of respondent Can/Am Youth Services, Inc., doing business as Rose Hill* (hereinafter Rose Hill), a residential treatment center for chemically dependent youths

---

* The individual respondents are members of Rose Hill's Board of Directors.

located in the Village of Massena, St. Lawrence County. He was summarily terminated from this position on March 22, 1993. He then commenced this CPLR article 78 proceeding claiming that Rose Hill acted arbitrarily and capriciously since it did not prefer any formal charges against him nor afford him an opportunity to be heard, all in violation of its own rules. Supreme Court dismissed the petition, giving rise to this appeal by petitioner.

We affirm. It is well settled that, absent certain exceptions not applicable here, an at-will employee, like petitioner, may be terminated at any time and may not seek redress in the judicial forum (see, Wieder v Skala, 80 NY2d 628, 633; Sabetay v Sterling Drug, 69 NY2d 329, 333).

An examination of the record shows that there were no limitations upon Rose Hill's exercise of such power. Specifically, its employee handbook provided that "employment at Rose Hill is 'at will' and is for no specified time * * * [and] we reserve the same right to end our relationship with you at any time, with or without cause, for any reason not prohibited by law". Notably, petitioner signed an acknowledgment that he received the handbook and understood that his employment was "at will" and that he could be terminated at any time without cause. While the handbook does contain a grievance procedure, nothing therein limits Rose Hill's unfettered right to terminate its employees nor does it require that such decision be subject to the grievance procedures set forth in the handbook (see, Marvin v Kent Nursing Home, 153 AD2d 553). Thus, we conclude that Rose Hill's termination of petitioner was not arbitrary and capricious as it did not contravene any of its own rules or regulations (see, Matter of Mitchell v Dowdell, 172 AD2d 1032; Matter of Sines v Opportunities for Broome, 156 AD2d 878). Accordingly, Supreme Court's dismissal of the petition was proper.

Mikoll, J. P., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.