[628 NYS2d 895]

In the Matter of JAMES CULLINAN et al., Appellants, v THOMAS AHERN et al., Respondents.

Fourth Department, June 9, 1995

## APPEARANCES OF COUNSEL

*Ward, Brenon & DiVita,* Williamsville *(Dennis E. Ward* of counsel), for appellants.

*Roger D. Avent,* Elma, for Anthony H. Gioia and another, respondents.

*J. Matthew Plunkett,* Buffalo, for Thomas Ahern and others, respondents.

## OPINION OF THE COURT

GREEN, J. P.

On June 24, 1994, petitioners commenced a special proceeding pursuant to Election Law § 16-114. Petitioners, qualified voters in the Town of Amherst, allege that respondents, Republican candidates for public office in the Town and the political committees supporting those candidates *(see,* Election Law § 14-100 [1]), failed to comply with the campaign finance disclosure requirements of Election Law article 14 in connection with the general election held November 2, 1993. Petitioners sought an order pursuant to Election Law § 16-114 (2) compelling the filing of corrected statements of campaign receipts, expenditures and contributions by respondents political committees. In a declaratory judgment action instituted the same day, petitioners-plaintiffs (petitioners) sought judgment declaring that those violations of article 14 alleged in the special proceeding had been committed by respondents-defendants political committees (respondents).*

Respondents moved to dismiss both the petition and com-

---

* The remaining respondents-defendants are the Erie County Board of Elections and the New York State Board of Elections. The campaign finance disclosure statements at issue were filed with the Erie County Board of Elections. The New York State Board of Elections is a necessary party to the Election Law proceeding (Election Law § 16-114 [2]) and is named as a defendant in the declaratory judgment action. Neither of those respondents has taken a position on this appeal. References to respondents, therefore, do not include the County or State Board of Elections.

plaint on Statute of Limitations grounds *(see,* CPLR 3211 [a] [5]). Respondents maintained that the proceeding and action were untimely because petitioners failed to commence them within four months *(see,* CPLR 217) of November 29, 1993, the last day for filing the final financial disclosure statements following the November 1993 general election *(see,* Election Law § 14-108 [1]). Supreme Court agreed and dismissed the petition and complaint. We affirm.

Section 16-114 of the Election Law provides no time limitation for proceedings to compel the filing of statements or corrected statements of campaign receipts, expenditures and contributions. The election date itself serves as a practical limitation upon proceedings directed to pre-election filings *(see,* Election Law § 14-108 [1]; *Matter of Bergan v Kohinke,* 76 Misc 2d 504), but there is no similar limitation imposed by the Election Law upon a proceeding to compel the filing of a corrected final statement. In addition, an examination of CPLR article 2 discloses that no period of limitation has been specifically prescribed for a proceeding pursuant to Election Law § 16-114. "We therefore must look to the limitations periods prescribed by the Legislature and select the one that best fits the character of" this proceeding *(Baker v Board of Educ.,* 70 NY2d 314, 321).

Petitioners urge that the only limitations period applicable to the instant proceeding is the six-year Statute of Limitations set forth in CPLR 213 (1) for "an action for which no limitation is specifically prescribed by law." We agree with petitioners that that section applies equally to actions and special proceedings *(see,* CPLR 105 [b]; Siegel, NY Practice § 547, at 860 [2d ed]). We reject their contention, however, that the six-year catch-all provision "automatically or necessarily governs" the Election Law proceeding absent a statute specifically prescribing a period of limitation for a proceeding pursuant to Election Law § 16-114 *(Solnick v Whalen,* 49 NY2d 224, 229).

We further reject petitioners' contention that the declaratory judgment action can survive the dismissal, on Statute of Limitations grounds, of the Election Law proceeding. "Only if there is no other 'form of proceeding for which a specific limitation period is statutorily provided' may the six-year catch-all limitations period provided in CPLR 213 (1) be invoked *([Solnick v Whalen, supra],* at 229-230). In other words, if the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for

asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief *([Solnick v Whalen, supra],* at 230; accord, Press v County of Monroe, 50 NY2d 695, 701)" *(New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 201, *rearg denied* 84 NY2d 865). The other form of proceeding in which petitioners may challenge respondents' financial disclosure statements is, of course, the Election Law § 16-114 proceeding. Thus, the timeliness of the declaratory judgment action and the applicability of CPLR 213 (1) to that action depend upon whether there is in fact a limitation prescribed by law for the Election Law proceeding and whether that proceeding was timely commenced *(see, New York City Health & Hosps. Corp. v McBarnette, supra; Solnick v Whalen, supra).*

An examination of the Election Law petition and the relief sought by petitioners *(see, Solnick v Whalen, supra,* at 229-230; *Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 396) reveals that this proceeding is in the nature of mandamus *(see,* CPLR 7801). Petitioners seek to compel respondents political committees to comply with legal duties imposed upon them by article 14 of the Election Law. Mandamus is the appropriate remedy to compel such compliance *(see, State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d 51, 65-66).

Even if they are considered strictly private parties *(see, Davis v Sullivan County Democratic Comm.,* 43 NY2d 964, 965), each respondent political committee may nevertheless be a "body or officer" subject to mandamus *(see, Matter of Peters v Langford-New Oregon Volunteer Fire Co.,* 181 AD2d 1034; *Matter of Mitchell v Dowdell,* 172 AD2d 1032; *Matter of Sines v Opportunities for Broome,* 156 AD2d 878). Mandamus, moreover, may properly be invoked to compel a private organization to fulfill an obligation imposed upon it by statute *(see, Matter of Caso v New York State Pub. High School Athletic Assn.,* 78 AD2d 41, 45; *Matter of Gray v Canisius Coll.,* 76 AD2d 30, 33). Further, the general rule that mandamus is not available in a proceeding against an unincorporated association *(see, Vanderbilt Museum v American Assn. of Museums,* 113 Misc 2d 502, 508) does not apply when the unincorporated association is a political committee *(see, Matter of Casey v Nuttall,* 62 Misc 2d 386, 390; *Matter of Battipaglia v Executive Comm.,* 20 Misc 2d 226, 228-229). A political committee, like a corporation, is a creature of statute *(see, Matter of Barnes v Durante,* 75 Misc 2d 881, 885), with specific duties imposed by

statute (see, *Matter of Casey v Nuttall, supra,* at 390; *see also, Davis v Sullivan County Democratic Comm.,* 43 NY2d 964, 965, *supra).* Mandamus, therefore, is available to challenge or compel action by a political committee (see, *People ex rel. Coffey v Democratic Gen. Comm.,* 164 NY 335; *Matter of McGloine v Natrella,* 189 AD2d 873; *Matter of Northrup v Kirwan,* 88 Misc 2d 255, 263, *affd* 57 AD2d 699; *Matter of Casey v Nuttall, supra,* at 389-390; *see also, State Div. of Human Rights [Geraci] v New York State Dept. of Correctional Servs.,* 90 AD2d, *supra,* at 66).

Because this proceeding is, in substance, a proceeding in the nature of mandamus, it is subject to the four-month limitation provided in CPLR 217. Thus, both the Election Law proceeding and the declaratory judgment action, commenced more than six months after accrual, are untimely and were properly dismissed.

In reaching our determination, we are mindful that the Legislature intended article 16 of the Election Law to be construed liberally (Election Law § 16-100 [1]) to maintain the fairness and integrity of the electoral process (see, *Matter of Jones v Gallo,* 37 AD2d 793; *Matter of Coughlin [Board of Elections],* 137 App Div 283, *affd* 198 NY 613). "At the same time, the Legislature recognized that such judicial review would only be effective if it was achieved expeditiously" *(Matter of Pell v Coveney,* 37 NY2d 494, 495; *see, Matter of Telesco v Lawley,* 21 AD2d 750; *Matter of Van Lengen v Balabanian,* 50 Misc 2d 652, *affd* 26 AD2d 622, *affd* 17 NY2d 920). To that end, section 16-116 of the Election Law provides that special proceedings commenced under article 16 "shall be summarily determined" and "shall have preference over all other causes in all courts." The need to resolve election matters with dispatch is further reflected in the time constraints, measured in days or months, governing other sections of article 16 (see, Election Law §§ 16-102 [limits of 14 days, seven days, three business days, 10 days], 16-104 [14 days], 16-106 [10, 20, 30 days], 16-110 [10 days], 16-118 [four months]). The four-month limitation period for a proceeding pursuant to Election Law § 16-114 more closely parallels the periods prescribed for the other article 16 proceedings than the six-year period advocated by petitioners.

As the Court of Appeals observed in *Matter of Pell v Coveney (supra,* at 496): "It is fundamental that a statute must be read with the legislative goal in mind, so that controversies generated by ambiguities or gaps in the law may be resolved

in accordance with the legislative scheme. (See 1 Kent Commentaries 462.) Courts are obligated to apply a statute to the extent possible to accomplish its purpose and to avoid incongruous, unreasonable, or unjust results."

In view of the narrow time limitations set forth in the Election Law, permitting the commencement of this proceeding to be delayed more than six years after the close of an election campaign would be an incongruous and unreasonable result. The Legislature, moreover, could not have intended to allow six years for the commencement of a proceeding pursuant to Election Law § 16-114 (2) when financial disclosure statements need only be preserved by the Board of Elections for five years *(see,* Election Law § 14-108).

Accordingly, the order should be affirmed.

FALLON, CALLAHAN, DOERR and DAVIS, JJ., concur.

Order unanimously affirmed, without costs.