■ In the Matter of ANDRES ACERO, Appellant, v JOHN SABOURIN, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [772 NYS2d 625]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 4, 2003 in Franklin County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

Following his March 1997 arrest on federal kidnapping charges, a violation of release report was issued charging petitioner with violating two of the conditions of his parole. Due to the pendency of the federal charges, no declaration of delinquency was made at that time. In January 1998, after pleading guilty to one of the federal charges, petitioner was declared delinquent as of February 21, 1997, the date of the kidnapping incident. Following sentencing, petitioner pleaded guilty to one of the parole violations at a March 2000 final parole revocation hearing. His parole was revoked and a seven-year delinquent time assessment was imposed, which was upheld by the Board of Parole. This determination was affirmed on administrative appeal in October 2000.

After petitioner's May 2001 application for a writ of habeas corpus was denied, he commenced a CPLR article 78 proceeding in February 2002 challenging the determination revoking his parole, which was dismissed as untimely. The dismissal was upheld by this Court (*Matter of Acero v New York State Bd. of Parole*, 308 AD2d 641 [2003]). In June 2002, petitioner made a second application for a writ of habeas corpus, again challenging the determination revoking his parole, which was converted to the instant CPLR article 78 proceeding. Supreme Court granted respondents' motion to dismiss the proceeding as untimely, prompting this appeal.

Initially, we note that the proceeding herein was commenced well in excess of four months after the determination revoking petitioner's parole became final and binding and, additionally, after petitioner claims that he first had notice of it. Thus, the proceeding is clearly untimely (*see* CPLR 217 [1]; *Matter of Davila v Travis*, 283 AD2d 744, 745 [2001], *lv denied* 97 NY2d 604 [2001]). In addition, the proceeding was commenced subsequent to petitioner's prior CPLR article 78 proceeding challenging the same determination, the dismissal of which we upheld as untimely (*see Matter of Acero v New York State Bd. of Parole, supra*). Therefore, Supreme Court properly granted respondents' motion.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.