■ TERRI BELMONTE, as Parent and Guardian of NICHOLAS BELMONTE, an Infant, Appellant, v SARATOGA YOUTH HOCKEY, INC., Respondent, et al., Defendant. [795 NYS2d 378]—

Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 11, 2004 in Saratoga County, which granted a motion by defendant Saratoga Youth Hockey, Inc. to dismiss the complaint.

Plaintiff's son is a former member of a youth hockey program sponsored by defendant Saratoga Youth Hockey, Inc. (hereinafter SYH), a not-for-profit corporation. On February 23, 2003, SYH summarily expelled the child from its program after he received a match penalty during a hockey game. Following a hearing, defendant New York State Amateur Hockey Association, Inc. (hereinafter NYSAHA) reversed the match penalty and temporarily suspended the child's membership until December 1, 2003. Plaintiff thereafter sought her son's reinstatement and was notified by letter dated June 7, 2003 that SYH was denying the request and upholding the original determination of expulsion. On January 2, 2004, plaintiff commenced this action seeking, among other things, an order directing her son's reinstatement. SYH moved to dismiss the complaint; NYSAHA did not enter an appearance. Supreme Court granted the motion and dismissed the complaint as time-barred. Plaintiff now appeals.

We affirm. Inasmuch as plaintiff challenges the failure of SYH to follow its own internal rules governing the termination and reinstatement of its members, her claim is subject to the four-month statute of limitations governing a CPLR article 78 proceeding against a body or officer (see CPLR 217 [1]; 7802 [a]; *Matter of Sines v Opportunities For Broome*, 156 AD2d 878, 879 [1989]; *see also Matter of Mitchell v Dowdell*, 172 AD2d 1032, 1032 [1991]; *Matter of Gray v Canisius Coll. of Buffalo*, 76 AD2d 30, 33 [1980]). The record reveals that plaintiff commenced this action on January 2, 2004, well over four months after SYH's written determination denying reinstatement became final and binding and after plaintiff alleges that she received notice of it (*see Matter of Acero v Sabourin*, 5 AD3d 821, 822 [2004]; *Matter of Saferstein v Lawyer's Fund For Client Protection*, 298 AD2d 726, 727 [2002], *lv denied* 99 NY2d 505 [2003]). Thus, plaintiff's claims against SYH are time-barred. Plaintiff's remaining contention is unpreserved.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.