■ In the Matter of ELIZABETH SHOLLENBERGER et al., Respondents, v JOSEPH J. MALARA, Appellant, and NEW YORK STATE BOARD OF ELECTIONS, Respondent. [892 NYS2d 891]—

In a proceeding pursuant to Election Law § 16-114 to compel the filing of statements of campaign receipts, expenditures, and

contributions, Joseph J. Malara, as treasurer of the Year Two Thousand One Committee PAC, appeals, as limited by his brief, from (1) so much of a final order of the Supreme Court, Westchester County (Nicolai, J.), entered September 26, 2008, as granted the petition to the extent of directing him to file, with the New York State Board of Elections and the Westchester County Board of Elections, supplemental statements to the financial disclosure statements of the Year Two Thousand One Committee PAC for January 2006, July 2006, January 2007, July 2007, and January 2008, and (2) so much of an order of the same court entered December 18, 2008, as denied his motion for a protective order and directed him to comply with the petitioners' notice of discovery and inspection seeking the production of copies of the books and records of the Year Two Thousand One Committee PAC from July 15, 2005, forward.

Ordered that the final order and the order are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this special proceeding pursuant to Election Law § 16-114, the petitioners, who are five registered voters in the City of White Plains, seek to compel the appellant, Joseph J. Malara, as treasurer of the Year Two Thousand One Committee PAC, which is a political action committee, to supplement certain financial disclosure statements filed pursuant to Election Law article 14. Contrary to the appellant's contention, this proceeding is timely since the amended petition was served within four months after the subject financial disclosure statements were filed with the New York State Board of Elections (*see generally Matter of Cullinan v Ahern*, 212 AD2d 103 [1995]).

Additionally, we agree with the determination of the Supreme Court that the subject financial disclosure statements were incomplete. Accordingly, the Supreme Court properly directed the appellant to file supplemental financial disclosure statements (*see* Election Law § 16-114 [2]).

Furthermore, the Supreme Court providently exercised its discretion in granting the petitioners leave to conduct discovery pursuant to CPLR 408 and in denying the appellant's motion for a protective order (*see Constantino v Dock's Clam Bar & Pasta House*, 60 AD3d 612 [2009]; *Matter of Lonray, Inc. v Newhouse*, 229 AD2d 440 [1996]). Skelos, J.P., Balkin, Eng and Lott, JJ., concur.