PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH A. BOYLE, Petitioner, *v.* JACOB LIVINGSTON, as Chairman of the Executive Committee of the Republican Party of Kings County, Respondent.

(Supreme Court, Kings Special Term, February, 1919.)

Election Law, § 42 — failure of member of county committee to remain enrolled does not create a vacancy on committee.

At the primaries held in September, 1918, a qualified elector who, in the previous October had been enrolled as a member of the Republican party, was elected a member of the Kings county committee and at the same time was elected a member of the Republican state committee. By such elections he became a member of the executive committee from the first assembly district of said county, under section 2 of article IV of the rules of the county committee. By reason of serious illness he was prevented from enrolling at the 1918 primaries and designated another as his proxy to sit and vote for him in the executive committee. *Held,* that he not having been removed from either the county or the executive committee under section 42 of the Election Law, the designation by the county committee of one other than said proxy, on the theory that there was a vacancy in the executive committee was invalid, as in the absence of an expressed statutory provision to the effect that a member of the county committee must remain

enrolled during his continuance in office, there was no authority for declaring a vacancy.

A motion, therefore, to compel the chairman of the executive committee to place the name of the one designated by a majority of the county committee on the roll as a member of the executive committee, to serve until, etc., will be denied.

MOTION to compel the chairman of the executive committee of the Republican party of Kings county to place the name of Charles M. Hall on the roll as a member from the first assembly district of Kings county.

Donald B. Smith, for petitioner.

William W. Wingate and Meier Steinbrink, for respondent.

CALLAGHAN, J.  This motion is to compel the respondent, who is the chairman of the executive committee of the Republican party of Kings county, to place the name of Charles M. Hall on the roll of the executive committee as a member of said committee from the first assembly district of Kings county in place and stead of Henry P. Erwin, and to strike from the roll the name of Michael J. Hogan as the proxy member appointed by said Henry P. Erwin to sit and vote for him as executive member.

The facts are conceded.  In October, 1917, at the time and place designated by statute, Mr. Erwin enrolled as a member of the Republican party.  At the primaries held in September following that enrollment, he was elected a member of the county committee, and at the same time was elected a member of the Republican state committee.  By virtue of his election to those committees, he became, by operation

Supreme Court, February, 1919.        [Vol. 106.

of section 2 of article IV of the rules of the county committee of Kings county, a member of the executive committee.

At the time designated by law for the enrollment in 1918 with party organizations, Mr. Erwin was ill with pneumonia and unable to attend and enroll. By reason of his illness, he designated Michael J. Hogan to sit and vote for him in the executive committee.

The relator now contends, inasmuch as Mr. Erwin is not enrolled with the Republican party, that he has forfeited his office as a member of the county committee and likewise his office as a member of the executive committee.

Acting upon the assumption that there was a vacancy existing in the executive committee, a majority of the members of the Kings county Republican committee for the first assembly district, in a meeting called for that purpose, designated and appointed Charles M. Hall, then a member of the county committee, as a member of the executive committee to serve until the following official primaries or until a state committeeman, qualified to serve as such executive member, shall be elected or selected.

The respondent urges in opposition to this motion that the court is without power, inasmuch as the Election Law does not specifically authorize a proceeding to review the acts of the county committee.

It seems to me that that position is not well taken. The court has the inherent power to compel by mandamus the officers of an organization created by statute to do their duty as prescribed by statute.

The executive committee is a committee authorized by law. The authority for creating that committee is found in section 35 of the Election Law. Mr. Erwin was duly elected. He was qualified beyond question

to hold the office in the county committee and in the state committee at the time of his election. He has not been removed from either the county or the executive committee under section 42 of the Election Law. He is, therefore, a member of the executive committee unless a vacancy has been created by reason of his failure to continue membership in the county committee. It is not disputed here that he was prevented by serious illness from enrolling at the 1918 primaries. It is the claim of the relator that this failure resulted automatically in his removal as a member of the county committee, and since a membership in that committee is prerequisite to membership in the executive committee, a vacancy was thereby created in the latter committee.

I can find no authority and none has been called to my attention to sustain the action of the county committee in designating Mr. Hall as a member of the executive committee. Sections 37 and 43 of the Election Law require a vacancy occurring in the county committee to be filled by that committee and not by any group of members. If, therefore, the action of the members of the county committee from the first assembly district in designating Mr. Hall as a member of the executive committee in place of Mr. Erwin was valid, it is because the power so to do was delegated to them by virtue of the provisions of article V, section 2, of the rules of the county committee. But this section of the rule only confers power to fill a vacancy in the executive committee and no power to create a vacancy or to declare that a vacancy exists in the county committee, and, unless a vacancy did in fact exist, there was no vacancy in the executive committee to be filled.

The county committee is a statutory body. The

members of that committee from an assembly district committee do not in themselves constitute a statutory body or committee. It would, therefore, it seems to me, be contrary to the fundamental powers of corporate organization to vest, in a small minority constituting all the members of the county committee from an assembly district, the power to declare a vacancy in the executive committee.

Section 37 of the Election Law provides that each member of the county committee shall be an enrolled voter of the party, residing in the assembly district. This section relates to the election, and the requirement in question is without doubt a statutory prerequisite to eligibility for election. The statute does not, however, require that he continue to be an enrolled member during the entire term of his office. Mr. Erwin was an enrolled voter when elected, and therefore eligible. By section 38 of the Election Law, a member of the county committee holds office until the election of his successor. Having been eligible for election and not having been removed, he is a member of the county committee unless failure to enroll in 1918 of itself creates a vacancy. The statute does not in itself expressly decree such a result. We must, therefore, assume that the word " disqualification " used in paragraph 37 of the Election Law must be limited to the causes specifically specified in section 37 of the Election Law. In the absence of an expressed provision in the statute to the effect that a member of the county committee must remain enrolled during his continuance in office, I can see no authority for declaring a vacancy. If the failure to enroll in a particular case be the voluntary or wilful act of a member of the county committee, it would be evidence of his disloyalty and subject him to removal from office under the

provisions of section 42 of the Election Law. I do not believe that the visitation of an act of God was intended to effect an automatic vacancy in the executive committee. This motion is denied.

Motion denied.