In the Matter of MARIE C. LITTIG et al., Petitioners, against DEMOCRATIC COUNTY COMMITTEE OF QUEENS COUNTY et al., Respondents.

Supreme Court, Special Term, Queens County, September 17, 1942.

*Charles J. Vallone* for petitioners.

*Sydney Rosenthal* for respondents.

Cuff, J. Petitioners seek to invalidate the election of five members of the Democratic County Committee of Queens County on the grounds that (1) the county committee was without power to elect them, (2) the notice of the meeting of the county committee was insufficient and defective in that it failed to give notice that county committee vacancies were to be filled, and (3) no opportunity to present candidates in opposition was afforded them at the county committee meeting. Petitioners would enjoin the electees from acting. The court is informed that a meeting of the county committee members of the zone in which the electees are the representatives will be held tonight to choose a zone leader or executive member.

In the 83rd, 87th and 94th Election Districts of the 4th Assembly District ties resulted in the votes cast to fill five county committee vacancies at the primary election held August 11, 1942. The county committee met on August 26, 1942, and elected five persons for those places.

The first objection of petitioners — that the county committee lacked the power — will be determined by an interpretation of subdivision 1 of section 17 of the Election Law. It is petitioners' contention that subdivision 1 of section 17 authorizes the county committee members in the assembly district to fill vacancies occurring in that district, while the respondents claim that the power is vested in the entire county committee. Section 17, subdivision 1, of the Election Law follows: " § 17. *Vacancies in state or county committees.* 1. In case of the death, declination, disqualification, removal from district or removal from office of a member of the state or county committee, or the failure to elect a member, as by reason of a tie vote, the vacancy created thereby

shall be filled *by the remaining members of the committee by the selection of an enrolled voter of the party qualified for election from the unit of representation* as to which such vacancy shall have occurred." (Italics mine.)

Petitioners urge that " unit of representation " was intended to mean the assembly district because the assembly district is regarded as the unit of representation in the State and because the county committee member must be a resident of the assembly district in which the election district he represents is located.

The words ". from the unit of representation " to the end of the section refer to the word " qualified." To accept petitioners' version they would have to refer to the word " filled." It will be noted that the section deals with State committee members as well as county committee members. It gives the power to the members of the State committee to fill a vacancy, but restricts the selection to " the unit of representation as to which such vacancy shall have occurred." That means that in filling the vacancy the State committee must choose an enrolled voter of its party residing in the assembly district in which there was a vacancy. Because a county committee member is not required to live in the election district which he represents, but qualifies if he resides in the assembly district which includes that election district, petitioners have confused the meaning of these plain words. The county committee is empowered to fill vacancies in its body, but in each instance it must choose a person who would have been qualified to be elected, namely, an enrolled voter of its party residing in the assembly district wherein the election district such person is to represent is located. In *People ex rel. Boyle* v. *Livingston* (106 Misc. 188, affd. 188 App. Div. 992) CALLAGHAN, J.; said: " Sections 37 and 43 [relating to vacancies] of the Election Law require a vacancy occurring in the county committee to be filled by that committee, and not by any group of members." And further he said: " The county committee is a statutory body. The members of that committee from an assembly district committee do not in themselves constitute a statutory body."

*Matter of Kelly* v. *Cohen* (174 Misc. 1085, affd. 259 App. Div. 893) cited by petitioners is not authority for their position, but is to the contrary. WENZEL, J., stated that for the purpose of filling vacancies in the county committee the person elected " need not be a resident in the election district he seeks to represent, * * * the court believes that for the purpose of filling vacancies the unit of representation must be considered the Assembly district." The court was not addressing itself to the power to fill the vacancy but to whether or not the person elected

had to be a resident of the election district which he sought to represent. (See, also, opinion of Attorney-General, 48 State Dept. Rep. 183.) The county committee in the absence of rules of the party to the contrary, and only the county committee, has power to fill vacancies in the county committee.

Petitioners' objection to the notice of the meeting in that it failed to state that the business of the meeting was to include filling vacancies must be overruled. Section 15 of the Election Law requires that each county committee in the State " shall * * * meet and organize." The notice of the meeting read in part " * * * a meeting * * * will be held * * * for the purpose of organizing said County Committee under the provisions of Sec. 15 of the Election Law and our rules;" and selecting officers " and to conduct such other business which may properly come before said meeting." That notice is sufficient for the transacting of any business within the powers of the county committee.

A reading of the minutes of the meeting and the affidavits of those who attended the meeting submitted by respondents as well as petitioners' version of what took place requires the over-ruling of the objection of petitioners that they were afforded no opportunity to submit for election at the meeting the names of their candidates to fill the vacancies. The weight of the evidence supports respondent presiding officer in his statement that as such officer he called for nominations to fill vacancies, that the required number of persons to fill the vacant places were nom-inated and seconded; that a motion to close the nominations was made and seconded before the petitioners addressed the meeting. Taking petitioners' view of what happened they have no valid complaint. When nominations were in order they failed to sub-mit any names. When their representative had the floor he asked for a recess of five minutes " for the purpose of conferring with their like minded colleagues in order to present an opposing slate." The chairman properly declared the speaker out of order. A recess could be accomplished not by asking the chair-man to declare one, but by a motion which would have to be seconded and adopted by a majority of those present.

The entire application is denied.