John J. O’Brien, J.
The petitioner herein contends that he is one of the duly elected county committeemen of the Town of Kingsbury, County of Washington and State of New York.
That following the primary election on June 2, 1964, your petitioner, as the incumbent town chairman of the Town of Kingsbury Democratic committee, directed Anna Mae Barker, incumbent secretary, to issue notices of the regular organization meeting for the purpose of electing officers for the ensuing term, which said notices were duly issued on June 12, 1964, advising of such meeting to be held at Washington County Court House at Hudson Falls, New York, on June 19, 1964 at 8:00 p.m., d. s. t.
That the aforesaid meeting was duly convened at the time and place indicated with all 16 county committeemen present, in person or by proxy; that the names of William H. Connery and Francis W. De Camilla, the petitioner herein, were duly nominated and seconded for the position of town chairman, with further nominations being closed. That the result of the balloting that followed indicated a total of 9 votes cast for William H. Connery and 7 for Francis W. De Camilla, your petitioner.
The petitioner now contends that the newly elected town chairman was an ineligible candidate for this office due to the fact that the respondent, William H. Connery was not a duly elected county committeeman of the Town of Kingsbury at the time of his election as chairman.
Each political party is governed by the Election Law of the State of New York, and by its own party rules. All political parties function through party committees, elected at primary elections.
Section 15 of the Election Law of the State of Ngav York provides that every State committee, within 15 days after its election, and every county committee, within 20 days after its election, is required to meet and organize by the election of a chairman, treasurer, and secretary, and such other officers as the rules of such committee may require. The laws of the State of New York specifically require a State and county political committee to meet within a required period of time and to elect *397 certain specific officers, there is no such requirement for a town committee.
Of even greater importance, section 15 of the Election Law of the State of New York states that “ officers shall be enrolled voters of the party but need not be members of such committees. ” (Italics added.)
Under section 15 of the Election Law, the officers of the county committee “ shall be enrolled voters of the party but need not be members of such committees.” Thus, by statutory enactment, a person elected as an officer of a committee, becomes a member of such committee, even though he is not a duly elected county committeeman by the votes of the enrolled members of the party.
There may even be instances of persons who become members of the executive committee of a party without having been elected as county committeemen. This is true where the party rules provide that the officers become members of the executive committee by virtue of their election as officers.
This, however, is the only exception to the rule which requires members of a county committee to be elected by the party voters. It must be remembered that it was the intent of the direct primary law that membership in the county committee should be gained only at primary elections.
“It was intended to place the responsibility for the party management and party control of a locality in the hands of the duly enrolled voters thereof.” (People ex rel. McCarren v. Dooling, 128 App. Div. 1, 4; Gassman, Election Law [2d ed.], p. 27.)
The rules and regulations of the county committee of the Democratic party of Washington County have been duly submitted and examined by this court, accepting the version of the petitioner, said rules and regulations of the Democratic party were validly enacted, in accordance with .section 15 of the Election Law of the State of New York which provides, referring to State and county committees, that ‘ ‘ Each committee may prepare rules for the government of the party within its political subdivision, which may include provisions for the payment of dues, and that failure to pay them shall be cause for removal by the committee. Within three days after the adoption of such rules a certified copy thereof shall be filed by the state committee in the office of the secretary of state and by the county committee in the office of the secretary of state and in the office of the board of elections in the county.”
Section 10 of the New York State Election Law provides in substance that party committees shall consist of a State com *398 mittee, county committee, and such other committees as the rules of the party may provide.
¡Section 14 of the Election Law provides in substance that all committees other than State and county committees, shall be formed in the manner provided for by the rules of the party.
The two sections of the Election Law set forth above seem to indicate clearly that a town political committee can be formed only upon the authorization of the county committee of the county in which the town is located. It would follow that the rules and regulations governing the procedure of the town committee should come from the county committee.
Article VI, entitled the “ Town Committee”, of the Rules and Regulations of the County 'Committee of the Democratic Party of Washington County reads as follows: “ The Town Committee of each Town within the County of Washington shall be comprised by members of the County Committee residing in such Town. Such Town Committee shall be the central organization within the Party for that Town. It shall conduct campaigns and Primaries in such Town, and shall discharge the duties imposed by law and by the rules and regulations of the Democrat Party made pursuant thereto.” The rule is silent as to the qualifications of the town chairman in behalf of any town committee within the County of Washington,
There is no statutory requirement that a town chairman under the laws of the State of New York, nor under the rules and regulations of the county committee of the Democratic party of Washington County, must be a committeeman.
The fact that a political organization is allowed by law of the State of New York to go outside of its duly elected committeemen to name their officers at their State and county level necessarily infers that the party organization at the town level, where there are fewer persons who are committeemen, should be allowed to go outside of their ranks of their duly elected committeemen for leadership if they so desire, It seems obvious that at the lowest level of the political organization it is more probable that a person having the required ability, leadership, initiative and sufficient time, may not be found within the small number of committeemen and the majority of these committeemen should not be precluded from electing as their officers whomsoever they may wish to name or elect. No one has stated more clearly than James Madison, one of the founding fathers of this country, and the Nation’s fourth President, that in a democracy the People are the sole source of all political power — that a free society pivots on the autonomous citizen whose essential human rights must be forever inviolate.
*399 While there appears to be no law specifically in point on this matter, it is interesting to note that in the case of Thayer v. Ganter (174 Misc. 394) a decision of the Westchester County Supreme Court in 1940, it was held that a person who was not a county committeeman could be elected chairman of a city committee of a political organization.
In the absence of rules adopted by a political organization, such organization is governed by the common-law rules that the act of the majority represents the act of the committee. (Powers v. Theofel, 226 App. Div. 696.)
This court is of the Opinion that the people of the Democratic party have spoken through their duly elected representatives, and that the respondent, William H. Connery, was therefore legally elected town chairman of the Town of Kingsbury Democratic committee.