Abraham J. Gellinoff, J.
Motions 1 and 2 on the calendar of December 2,1969 are consolidated and disposed of together.
Under the facts of this case the court lacks jurisdiction to entertain this proceeding pursuant to section 330 of the Election *870 Law. The court does, however, have jurisdiction to consider the relief requested pursuant to article 78 of the CPLR (see in this connection CPLR 3026).
Turning directly to the merits, the court finds that the rules of the Republican County Committee of Bronx County, adopted at its meeting on October 6, 1969, violate the Election Law in several respects and, to that extent, are therefore invalid.
1. Subdivision 1 of section 15 of the Election Law provides that “ every county committee shall within twenty days after its election, meet and organize by the election of a chairman, treasurer and secretary, and such officers as its rules may provide. * * * Such officers shall be enrolled voters of the party but need not be members of” the county committee (emphasis supplied). In plain language, therefore, the statute provides that at the organizational meeting of the county committee following the primary election, any enrolled voter of the party — male or female, “female co-leader” or not, ‘ ‘ member of the executive committee ’ ’ or not, member of the county committee or not — is eligible for election by the county committee to the mandatory party positions of chairman, treasurer and secretary of the county committee, and is also eligible for election to all additional party offices of the county committee for which the rules of the party provide.
Contrary to the provisions of subdivision 1 of section 15 of the Election Law, the rules of the Bronx Republican County Committee restrict the eligibility of a candidate for the party position of chairman to a male, and further restrict it to one who is a “ duly elected member of the Executive Committee ’ ’. The rules also provide for the party position of assistant to the chairman, but they restrict eligibility for that position to a female, and further restrict it to a “ co-leader ’ ’. What the rules mean by a “ co-leader ’ ’ does not appear from the rules. The statute makes no provision for the election at the primary of a “ co-leader ”; it provides for the election (within the City of New York) of “ assembly district leaders ” or “ one assembly district leader and one associate assembly district leader ”, which, if the rules of the county committee so provide, may be of opposite sexes (Election Law, § 15, subd. 3).
2. The rules provide for an “Executive Committee” to be composed, among others, of certain persons elected at the primary election from specified assembly districts or parts of assembly districts. The rules refer to such persons as “ Assembly Executive District Leader ” and “ Associate Assembly Executive District Leader ” (emphasis supplied). The *871 statute makes no provision for the election of persons to such party positions. What the statute provides for, is the election to the party positions of “ assembly district leaders or one assembly district leader and one associate assembly district leader ” (Election Law, § 15, subd. 3).
Assuming that the party positions, erroneously called in the rules ‘ ‘ Assembly Executive District Leader ” and “ Associate Assembly Executive District Leader ” are intended in the rules to mean the “ one assembly district leader and one associate assembly district leader ” as provided in the statute, the rules exclude from membership on the Executive Committee female associate assembly district leaders, duly elected from divided assembly districts. Moreover, the rules limit the “ duties and functions and powers of the Associate Assembly Executive District Leader 9? to “ such as the county committee and/or the county chairman shall promulgate ”. The afore-mentioned restrictions and limitations are in direct contravention of subdivision 3 of section 15 of the Election Law which specifically provides: ‘ ‘ Assembly district leaders and associate assembly district leaders shall automatically be members and shall have the right to participate and vote in meetings of the county committee or any sub-committee thereof
3. The rules also provide for a member of “ Standing Committees of the County Committee To Be Appointed by the Chairman ”, and who “shall serve at his pleasure This provision, too, violates subdivision 3 of section 15 which specifically gives all the elected assembly district leaders and associate assembly district leaders the “ right to participate and vote in meetings ” of “any sub-committeeof the county committee.
In passing, it should be observed that county committeemen and assembly district leaders and associate assembly district leaders in those areas where there was no contest because the opposition petitions were invalidated by the Board of Elections, are duly elected by operation of law (Election Law, § 149).
Petitioners ’ motion is granted to the extent of declaring that the officers elected and the rules adopted at the county committee meeting on October 6, 1969 in violation of law as herein-above stated, are nullified. A new meeting of the county committee shall be held to elect officers and adopt rules not inconsistent with this decision.