■ In the Matter of ROBERT E. BELL et al., Respondents, v. LAURENCE J. KIRWAN et al., Constituting the Monroe County Democratic Committee, Appellants.— Order unanimously reversed, without costs, petition dismissed and injunction vacated. Memorandum: The Monroe County Democratic Committee and Laurence J. Kirwan, the Democratic County Chairman, appeal from an order at Special Term which enjoined these appellants from implementing a newly adopted rule of the Democratic County Committee. For purposes of representation on the executive committee the appellants propose by rule (amdt. 1) to consolidate the 24 wards in the City of Rochester into 12 wards identical with the present 12 county legislative districts and to have one executive committee member from each newly designated " city legislative district ". Similar representation on the executive committee of the Monroe County Democratic Committee proportional to legislative districts is accorded under the proposed rule (amdt. 2[c]) to each of the towns within Monroe County. The proposed new rule further provides (amdt. 1[c]) that the County Chairman appoint the 12 executive committee members from the city legislative districts until the next

regular election of the executive committee members which under the rules will be within 15 days after the primary election to be held on September 10, 1974 (Rules of Monroe County Democratic Committee dated July 13, 1970, §§ 3[1], 5[a], 1[1], 2[1]). Amendment of these rules is provided for in article VII which requires that any proposed amendment be in writing and contained in a written notice of the meeting timely mailed to all members of the county committee. These requirements are consistent with the terms of the statute (Election Law, §§ 10–15). It is conceded that the meeting of February 5, 1974, at which the rule in question was adopted, was legally called. Special Term in granting an injunction against the implementation of this new rule concluded that the rules mandate that members of the executive committee serve a term contemporaneous with the term of the county committeemen from the executive committee member's ward or town, unless the ward is abolished, altered or reapportioned by law. Absent evidence of such change in status of the wards, and there is none, the executive committeemen serve until the next regular election of the executive committee. We cannot agree with this conclusion. The executive committeemen have no vested constitutional or statutory right to office. Their claim to serve as members of the executive committee must rest upon the rules of the party since the executive committee in common with all standing committees was created by and exists pursuant to the rules of the Democratic Party of the County of Monroe (July 13, 1970). The proposed change in the makeup of the executive committee which will eliminate some present members from their positions on the executive committee does not, however, disenfranchise any Democratic voters. Subdivision 2 of section 15 of the Election Law empowers the county committee to prepare rules for the government of the party within its political subdivision and states: " Such rules shall continue to be the rules for the committee until they are amended or new rules adopted." Article VII provides that the " rules may be amended at any meeting" duly called. The creation, selection and grouping of committeemen from the town or city legislative districts, whether they are county committeemen or city or town committeemen is a matter solely within the power and province of the county committee (*Matter of Bauman* v. *Fusco*, 23 A D 2d 404, affd. 16 N Y 2d 952; *Matter of McGlynn* v. *Dixon*, 2 N Y 2d 68, 71; *Matter of Licitra* v. *Power*, 10 A D 2d 996, 997; *Schleimer* v. *Knott*, 181 Misc. 421), so long as it acts within its own organizational rules, and this we conclude it did. (Appeal from order of Monroe Special Term in action to restrain termination of terms of office.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.