## SECOND DEPARTMENT, OCTOBER, 1980

### (October 2, 1980)

■ NEIL GREENE, Respondent, v JOHN KAY et al., Respondents, and THOMAS NASH, Appellant.—In a proceeding, *inter alia,* to invalidate a resolution declaring the position of Chairman of the Town of Babylon Conservative Committee to be vacant, Thomas Nash appeals from a judgment of the Supreme Court, Suffolk County, entered May 7, 1979, which (1) held that the resolution dated October 1, 1978, which removed petitioner from his position on the County Executive Committee and his position as Town Chairman of the Babylon Town Conservative Committee, was null and void; (2) held that petitioner was the Town Chairman of the Babylon Town Conservative Committee on September 22, 1978; (3) held that section 4 of article 3 of the Rules and Regulations of the Suffolk County Committee of the Conservative Party violated the New York State Election Law; and (4) directed that petitioner be granted his seat on the County Executive Committee. Judgment reversed, on the law, without costs or disbursements, the resolution passed by the County Executive Committee on October 1, 1978 was valid under the rules of the county committee as they read at that time, and the proceeding is otherwise dismissed. On September 22, 1978

petitioner was elected to the County Executive Committee of the Conservative Party in Suffolk County. As member-at-large of the County Executive Committee from Babylon, petitioner also assumed the title of "Town Chairman" of Babylon (see Rules and Regulations of the Suffolk County Committee of the Conservative Party, art 3, § 3a). Simultaneously, petitioner held the position of paid research assistant to a member of the Assembly in violation of section 4 of article 3 of the rules and regulations, which provides: "No County officer or other voting member of the County Executive Committee shall hold any salaried, political office or position whether appointive or elective. Election or appointment to such public office or position shall automatically create a vacancy in the party office so held to be filled in accordance with these rules and regulations." On October 1, 1978 the County Executive Committee passed a resolution which noted that petitioner had violated that rule and declared that his positions as member-at-large on the County Executive Committee and Town Chairman of the Babylon Town Conservative Committee were vacant. Petitioner challenged that determination in the instant proceeding. Special Term held that the rule was invalid, noting that "the rule of a political party county committee or state committee, which imposes upon candidates for membership eligibility limitations more restrictive than those provided by statute is invalid." (See *Matter of Hammer v Curran,* 203 Misc 417, 422.) However, petitioner's capacity to serve on the County *Executive* Committee, not the county committee, is at issue here. The County Executive Committee is a creature of party rule and not of statute; therefore party rules may restrict membership (see *Matter of Bell v Kirwan,* 44 AD2d 906; *Matter of Bauman v Fusco,* 23 AD2d 404, affd 16 NY2d 952; *Matter of Licitra v Power,* 10 AD2d 996, affd 8 NY2d 871). Since we perceive no conflict between the rule in question and the provisions of the Election Law (see *Matter of McGlynn v Dixon,* 2 NY2d 68; *Matter of McSweeney v Republican County Committee of Bronx County,* 61 Misc 2d 869), we are bound by that rule (see *Matter of Kiernan v Mirante,* 53 Misc 2d 173, 176). The County Executive Committee's adherence to that rule was not improper. Mollen, P. J., Hopkins, Margett and Weinstein, JJ., concur.