■ In the Matter of WALTER J. FRANCISCO, JR., et al., Respondents, v DANIEL T. BORDEN et al., Appellants, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered August 15, 1989 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare

invalid, *inter alia,* the certificates of authorization naming various respondents as Republican Party candidates for certain offices of the Town of North Greenbush in the September 12, 1989 primary election.

At a meeting held May 31, 1989 and recessed to and completed on June 4, 1989, a group apparently consisting of eight members of the Rensselaer County Republican Committee (hereinafter County Committee), also purportedly being members of the Town of North Greenbush Republican Committee (hereinafter Town Committee), voted to authorize the designation of respondents Daniel T. Borden, Donald M. O'Connor and Richard L. Roberts (hereinafter respondents), who were not party members, as Republican Party candidates for certain offices of that town. Certificates of authorization were issued by the Town Committee and filed with the Rensselaer County Board of Elections. Petitioners initiated this proceeding to declare, *inter alia,* the certificates of authorization invalid. Respondents appeal from the granting of the petition by Supreme Court.

There should be an affirmance. Since respondents were not enrolled members of the Republican Party, proper party authorization was required for their names to appear on the ballot *(see,* Election Law § 6-120). The cited statute provides that authorization is to be made by the: "members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee * * * by a majority vote of those present at such a meeting provided a quorum is present" (Election Law § 6-120 [3]). It is uncontested that there were 16 "members of the [county] committee representing" (Election Law § 6-120 [3]) the Town of North Greenbush. In the absence of a specific statutory provision or a valid party rule, a quorum of this group would be a majority of the whole number, i.e., nine of the 16 *(see,* General Construction Law § 41; *Matter of Baker v Jensen,* 30 AD2d 969, 970, *affd* 22 NY2d 959).

No specific statutory provision has been cited which provides for a lesser quorum. Thus, as Supreme Court held, the meeting of the eight members of the County Committee from the Town of North Greenbush was not legally constituted unless a valid rule permitted a quorum of less than nine. Respondents attempted to meet this requirement through evidence of a rule of the Town Committee providing for a quorum of six. However, respondents failed to submit any

proof that the County Committee had duly authorized the creation of such a town party committee or had conferred rule-making powers upon it. The creation of a town party committee, its powers, authority and procedures are solely the province of a county committee *(Matter of Bell v Kirwan,* 44 AD2d 906, 907; *Matter of De Camilla v Connery,* 43 Misc 2d 395, 398, *affd* 23 AD2d 704). Thus, the absence of proof of such action by the County Committee in this case is fatal to respondents' position, and Supreme Court correctly invalidated the certificates of authorization.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.