(July 12, 1995)

■ In the Matter of WILLIAM STEWART, Appellant, v VINCENT NATRELLA et al., Respondents, et al., Respondent. [629 NYS2d 287] —In a proceeding pursuant to CPLR article 78 to compel the respondents Vincent Natrella, Chairman, and Kathleen B. Walsh, Recording Secretary of the Westchester County Committee of the Conservative Party of the State of New York, to sign and acknowledge certain Certificates of Authorization of the Conservative Party for filing with the respondent Westchester County Board of Elections, and to prohibit them from signing any other Certificates of Authorization, the petitioner appeals from a judgment of the Supreme Court, Westchester

County (Fredman, J.), entered June 7, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's application was properly denied. Section 5 of article IV of the Rules and Regulations of the Westchester County Committee of the Conservative Party of New York State requires that "proxies for a meeting of the County Committee must be received by the Corresponding Secretary not less than twenty-four (24) hours before the meeting" in order to be valid. The same is not required of proxies submitted to the Executive Committee acting pursuant to article V, § 3 of those rules. In light of the "general policy of noninterference with the internal workings of a political party" and the refusal of the courts to interfere with the proper exercise of powers delegated to a political committee under particular rules *(Matter of Danielewicz v Aurigema,* 90 AD2d 667; *see, Matter of Bachmann v Coyne,* 99 AD2d 742), this Court will not read such a restriction into the rules of the Westchester County Committee of the Conservative Party. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.