OPINION OF THE COURT
Nicholas Colabella, J.
In a proceeding pursuant to CPLR article 78, petitioner seeks *94 (1) to annul certain amendments to article III, § 2 of the Rules and Regulations of the Westchester County Committee of the Conservative Party of New York State adopted July 11, 1996 at a meeting of the County Committee, and (2) to declare petitioner eligible for election as an officer of the County Committee. The amendments of the rules and regulations, inter alia, added qualifications for office that nominees for chairperson and vice-chairperson must be members of the party for 10 years and have served as officers of the County Committee for 6 years.
Petitioner, a member of the Conservative Party for only four years, does not qualify for office under the amendments. Petitioner argues that additional qualifications violate the Election Law-in that the requirements of the Election Law are all that may be required. Respondents argue that the Election Law does not preclude additional requirements and that the additional requirements in this case do not violate the Election Law. Respondents maintain the amendments are necessary to ensure a level of commitment and experience in the party’s leadership. Respondents further characterize the matter as one involving internal party governance in which the court should not intervene.
The County Committee is a creature of statute subject to regulation under the Election Law (see, Election Law § 2-104; Matter of Littig v Democratic County Comm., 179 Misc 520; see also, Matter of Battipaglia v Executive Comm., 20 Misc 2d 226, 228 [Sup Ct, Queens County 1959]; Matter of Casey v Nuttall, 62 Misc 2d 386, 389 [Sup Ct, Rensselaer County 1970]). Although political parties are afforded wide latitude in adopting rules for party governance,[1] such rules cannot conflict with statutory directives (Matter of Kahler v McNab, 48 NY2d 625; Matter of Lugo v Board of Elections, 123 Misc 2d 764). Thus, a rule adopted by a County Committee "imposing upon the eligibility of candidates for membership limitations more restrictive than the statutory provision is invalid” (Matter of Hammer v Curran, 203 Misc 417, 422 [Sup Ct, Albany County 1952]). By a parity of reasoning, rules restricting eligibility for party positions may also be invalid (Matter of McSweeney v *95 Republican County Comm,., 61 Misc 2d 869 [Sup Ct, Bronx County 1970]).[2]
Here, the only requirement for membership on the County Committee in Election Law § 2-104 (1) is that each member "be an enrolled voter of the party residing in the county and the assembly district * * * containing the election district in which such member is elected”. Election Law § 2-112, in turn, regulates the election of officers of the County Committee. Subdivision (2) thereof states: "Such officers shall be enrolled members of the party, but need not be members of such committees.”
The provision in Election Law § 2-112 that officers need not be members of such a committee was clearly intended to prevent a monopolization of power by members of the County Committee. The singular requirement that the person be a member of the party was designed to ensure that any person who was a member could be elected to the position of officer. The amendments at bar contravene Election Law § 2-112 by altering the eligibility requirements for party offices. In addition, even if the amendments do not facially conflict with Election Law § 2-112, in that it is theoretically possible for a person to be elected as an officer who is not a member of the County Committee, the effect is clear — the amendments diminish the pool of eligible candidates for party offices.
The circumstances at bar are analogous to the recent attempt by States to impose term limits on congressional candidates considered in U.S. Term Limits v Thornton (514 US 779 [1995]). The Court held such restrictions to be unconstitutional on the basis that the Qualifications Clause in the US Constitution constituted fixed qualifications that could not be supplemented by the States. It found that State-imposed qualifications violated the idea that the right to choose representatives belongs, not to the States, but to the people. The Court further rejected efforts that had the likely effect of handicapping a class of candidates and had the sole purpose of creating additional qualifications indirectly (see also, Thorsted v Gregoire, 841 F Supp 1068, ajfd 75 F3d 454 [9th Cir 1996]). In this case, the outgoing County Committee *96 has attempted to directly handicap a class of persons recognized by the Election Law as eligible to run for party offices, to wit, the members of the party.
The amendments also substantially impair, if not prevent, the ability of the party members to ever field an opposition slate of officers who might meet the eligibility requirements. Under the amendments, an opposition slate must have the endorsement from at least five members of the Executive Committee. The endorsement requirement effectively places the opposition at the mercy of the Executive Committee which includes the incumbent officers and is presided over by the Chairman of the County Committee. Practically speaking, the opposition will only be able to proceed by securing the endorsement of the members-at-large of the Executive Committee. The incumbents, by contrast, face no such obstacles since the Nominating Committee is appointed by the Chairman of the County Committee thereby assuring the nomination of incumbents.
Respondents’ justification for the amendments, that it ensures a level of commitment and experience in the party’s leadership, is disingenuous. Years of membership in the party or service in a prior position as an officer on the County Committee are factors that the party membership may take into consideration in choosing its officers, but the lack of such qualifications is never a reason to limit the choice among candidates. The ability of a democracy to function lies in the power of the voters to change its leadership at each election. The amendments do nothing more than shield an incumbent administration from the will of the voters.
The court rejects respondents’ argument that the dispute is an internal matter in which the court should not intervene. Petitioner lacks an effective remedy within the party. Even if the amendments were repealed by the incoming County Committee, the repeal would only be effective prospectively.[3] In the meantime, at the next organizational meeting, the members of the incoming County Committee would be bound to choose its officers from the limited pool of persons qualifying under the amendments. The power to repeal the amendments also presupposes that the amendments are otherwise valid and should stand unless repealed. As discussed above, amendments which strike at the heart of the party membership’s right to repre *97 sentation of their choice are invalid, and should not be subject to whether the incoming County Committee votes to repeal.
Petition is granted to the extent the amendments to article III, § 2 of the Rules and Regulations of the Westchester County Committee of the Conservative Party are annulled. Petitioner is declared eligible, as an enrolled member of the Conservative Party, for election as an officer within the party.[4] An organizational meeting shall be convened for the election of officers consistent with this decision on seven days’ notice pursuant to article IV, § 3 of the Rules and Regulations of the County Committee.[5]

. Election Law § 2-114 permits committees to prepare rules for governing the party within its political unit. In permitting political parties to formulate their own rules, the Legislature manifested an intention of general noninterference with political party government (Matter of Stewart v Natrella, 217 AD2d 599).

. The holding in Hammer (supra) was noted by the Second Department in Greene v Kay (78 AD2d 630) without criticism, but limited in its application to restrictions on membership on a County Committee. The Court found that the party rules could restrict membership with respect to an Executive Committee since the Executive Committee was a creature of party rule and not of statute.

. Rule changes are not effective until filed with the Board of Elections (Election Law § 2-114).

. Petitioner’s further request that the court direct the County Committee to reconvene for the purpose of voiding the amendments is unnecessary in light of the court’s annulment of the amendments.

. The court denied a request at the inception of the proceeding to stay the organizational meeting pending the determination of the petition. If the organizational meeting has taken place in the interim, it shall be reconvened.