■ In the Matter of THERESA TURSO et al., Respondents, v CAROLEE SUNDERLAND et al., Respondents, and GARY M. STRACUZZI et al., Appellants. [661 NYS2d 266] —In a proceeding to invalidate a certificate of authorization designating Gary M. Stracuzzi as a candidate in a primary election to be held on September 9, 1997, for the nomination of the Conservative Party as its candidate for the public office of Westchester County Legislator, Sixth County Legislative District, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated August 13, 1997, which, *inter alia,* granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly determined that a so-called "Wilson-Pakula" certificate of authorization had to be filed with the Board of Elections in order for the Westchester County Conservative Party (hereinafter the party) to properly designate the appellant Gary M. Stracuzzi as its candidate for the public office of Westchester County Legislator for the Sixth Legislative District *(see,* Election Law § 6-120 [3]). Pursuant to the party's bylaws, only the Executive or Governing Committees had the authority to issue the certificate of authorization. Because the stipulation entered into by the parties in open court indicated that neither committee was convened to consider Stracuzzi's designation, the certificate of authorization contained in the record could not have been issued by a duly authorized committee of the party as required by the party's bylaws and, therefore, is invalid. Accordingly, the application was properly granted.

The appellants' remaining contentions are without merit. Mangano, P. J., Thompson, Pizzuto, Krausman and Goldstein, JJ., concur.