OPINION OF THE COURT
John W. Grow, J.
Petitioner Sullivan, by order to show cause, brings this CPLR article 78 proceeding seeking to declare the nomination of George Mitchell, as the Republican candidate for the Utica Common Council seat for the 3rd Ward, void, and requesting his name be removed from the Republican line of the ballot for election to that office. Sullivan is the duly nominated Democratic candidate for that seat.
Respondents seek dismissal of the proceeding. They contend Sullivan has no standing to bring the proceeding, that Mr. Mitchell properly and timely filed designating petitions and an authorization to qualify him as the Republican candidate for the office of Common Council for the 3rd Ward of Utica, and that even if there were technical irregularities there was substantial compliance with the requirements of the Election Law.
Mr. Mitchell has been a registered Democrat, residing in the 3rd Ward. He seeks to be the Republican candidate for Council member at this year’s November general election. His recent change of enrollment to the Republican Party will not become effective until a date subsequent to the forthcoming election.
Election Law § 6-120 (3) sets forth, inter alia, the requirements of authorizing the designation of a person as candidate when not duly enrolled as a member of that political party and for which he seeks the nomination. That section further sets forth the requirements, once the designation has been duly made, for filing a mandated certificate of authorization. The certificate is required to be signed and acknowledged by the presiding officer and the secretary of the meeting, in this case the authorization to designate Mr. Mitchell as the Republican candidate.
There is no dispute a certificate of authorization was timely filed. Sullivan’s dispute concerns the legal sufficiency of the signed certificate. Election Law § 16-102 provides that the nomination or designation of any candidate for any public office may be contested in a proceeding instituted in the Supreme *142 Court by any aggrieved candidate. Sullivan contends she is an aggrieved candidate because she is the nominee of the Democratic Party for the 3rd Ward Council seat. Respondents contend she has no standing, and is not an aggrieved candidate, because she is not an enrolled member of the Republican Party.
Addressing the standing issue, case law has construed this provision as prohibiting a member of one political party from objecting to the certificate of nomination/designation of a candidate of another political party where the nature of the objections relate solely to the internal operations of the other political party. (Matter of Rose v Smith, 220 AD2d 922 [and other cases cited therein]; also, Matter of Stempel v Albany County Bd. of Elections, 97 AD2d 647, affd 60 NY2d 801.) Sullivan argues her contest is not to the internal operations of the Republican Party, but alleges a statutory violation of section 6-120 (3). The Court finds the objection raised is a substantial matter giving Sullivan the right to challenge the certificate’s legality, thus qualifying her as an “aggrieved candidate.” (Matter of Liepshutz v Palmateer, 112 AD2d 1098, 1099, affd 65 NY2d 963; Stempel, supra.)
The Court next turns to whether the executed certificate of authorization is in compliance with the statutory mandates of section 6-120 (3). Sullivan contends the certificate is fatally flawed in that the certificate was executed by Mr. Meóla, the City Republican Party chair, and Camille Pryputniewicz, the City Republican Party secretary, neither of whom attended the meeting at which Mr. Mitchell was designated the nominee of the Republican Party. Respondents submit numerous affidavits purportedly showing substantial compliance with this section. One such affidavit is from Charles J. Ferro, the 3rd Ward chair of the Republican Party. He affirms that he was advised Mr. Mitchell wished to be the Republican candidate even though he had been registered as a Democrat and that although he had changed his registration to Republican that change in registration would not take effect until January 2002. He further affirms that he held a meeting at his home on July 15, 2001, at 10:00 a.m., at which time the 3rd Ward Committee duly approved and authorized Mr. Mitchell’s candidacy. Further, he affirms that the attendees at the meeting were Mr. Mitchell, Timothy Julian, the Mayor of Utica, and Donald Franco, the vice-chair of the Utica Republican Committee.
From this record the identity of the meeting’s presiding officer and secretary is unknown. Section 6-120 clearly and unambiguously states that the required certificate of authoriza *143 tion be signed by the presiding officer and the secretary of the meeting where the nomination/designation of Mr. Mitchell took place. From Mr. Ferro’s affidavit it is evident Mr. Meóla and Ms. Pryputniewi.cz, who signed the certificate as “Presiding Officer” and “Secretary,” were not present. Therefore they lack personal knowledge, as required in the certificate, as to whether a quorum was present at the meeting, and whether a majority of those present voted for Mitchell authorizing him to be the designated Republican candidate. Certainly one of the legislative purposes of the statute mandating the certificate be signed by the presiding officer and secretary of the meeting is to prevent fraud or other irregularities. Since there was failure to comply with the strict statutory mandates of section 6-120, the certificate as filed is fatally defective. Moreover, because the certificate is void under the statute the defect cannot be considered merely technical. (See Matter of Plunkett v Mahoney, 76 NY2d 848.) Respondents’ reliance upon Matter of Friedman v LeFever (132 Misc 2d 884, affd 122 AD2d 903, lv denied 68 NY2d 605) is misplaced because in that case the certificate contained signatures of individuals who were present at the meeting.
In light of this determination it is unnecessary to address the remaining issues raised by Sullivan.
Petitioner’s relief is granted in all respects.