■ In the Matter of MARY SILANO et al., Respondents, v SANDRA OXFORD et al., Appellants, et al., Respondents. [780 NYS2d 744]—

Per Curiam. Appeal from an order of the Supreme Court (Spargo, J.), entered August 6, 2004 in Albany County, which, inter alia, granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent Sandra Oxford as the Democratic Party candidate for the office of State Senator for the 42nd Senate District in the September 14, 2004 primary election.

Respondent Sandra Oxford, an enrolled member of the Independence Party, filed designating petitions with the State Board of Elections nominating her as a candidate of the Democratic Party, Independence Party and Working Families Party for the office of State Senator from the 42nd Senate District in the September 14, 2004 primary election. Thereafter petitioners— Mary Silano, an enrolled member of the Independence Party, and Gregory Gilman, an enrolled member of the Democratic Party—commenced this proceeding challenging the validity of Oxford's Independence Party and Democratic Party designating petitions. Based on stipulations made by Oxford, Supreme Court declared both designating petitions invalid. Oxford and certain

other respondents (hereinafter collectively referred to as respondents) now appeal and we affirm.*

Election Law § 6-120 (3) provides that: "The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made . . . may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party as provided in this section." The failure to comply with these express statutory requirements will result in the invalidation of the certificate of authorization and, consequently, the underlying candidacy (*see Matter of Turso v Sunderland*, 242 AD2d 351 [1997]; *Matter of Francisco v Borden*, 153 AD2d 786, 787-788 [1989]; *Matter of Sullivan v Longo*, 189 Misc 2d 140, 143 [2001], *revd on other grounds* 286 AD2d 1002 [2001], *lv denied* 97 NY2d 601 [2001]). Here, although the certificate of authorization specifically states that a meeting of the "42nd Senate District Committee of the Democratic Party" was held on July 13, 2004, that a quorum was present and that the committee consented, by a majority vote, to authorize Oxford's nonparty nomination, the record supports the conclusion that no such meeting took place. Thus, it cannot be said that Supreme Court erred by declaring the certificate of authorization invalid and ordering that Oxford's name be removed by the Board as a candidate of the Democratic Party for the office of State Senator for the 42nd Senate District in the upcoming primary election.

Mercure, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 2004 NY Slip Op 50910(U).]

* Supreme Court's invalidation of the designating petition nominating Oxford as a candidate for the Independence Party has not been addressed in respondents' brief and is, therefore, deemed abandoned (*see Rothberg v Reichelt*, 5 AD3d 848, 849 n [2004]).