■ In the Matter of BRIAN D. PREMO et al., Appellants, v PETER A. TULIN et al., Respondents. [821 NYS2d 665]—

Per Curiam. Appeal from an order of the Supreme Court (Hummel, J.), entered August 25, 2006, in Rensselaer County, which, inter alia, dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certificate of authorization naming petitioner Brian D. Premo as the Democratic Party candidate for the office of State Senator for the 43rd Senate District in the November 7, 2006 general election.

On July 14, 2006, a certificate of authorization was filed with the State Board of Elections purporting to nominate petitioner Brian D. Premo, formerly an enrolled Republican, as the

Democratic Party candidate for the office of State Senator for the 43rd Senate District.[1] Such certificate, commonly referred to as a "Wilson-Pakula" authorization, was signed by petitioner Thomas W. Wade, as presiding officer, and Susan Steele, as secretary. Respondents Peter A. Tulin, Romeo J. Naples, Donald J. Brady Sr. and Donna Krug thereafter filed objections thereto and, ultimately, the State Board invalidated the certificate of authorization. Petitioners then commenced this proceeding pursuant to Election Law § 16-102 seeking to declare the subject authorization valid.[2] Supreme Court dismissed petitioners' application, finding a lack of compliance with Election Law § 6-120 (3) and the relevant Party Rules of the State Democratic Committee. This appeal by petitioners ensued.

We affirm. Election Law § 6-120 (3) provides, in relevant part, as follows: "The members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made, unless the rules of the party provide for another committee, in which case the members of such other committee, . . . may, by a majority vote of those present at such meeting provided a quorum is present, authorize the designation or nomination of a person as candidate for any office who is not enrolled as a member of such party . . . ." To that end, the Party Rules of the State Democratic Committee provide, insofar as is pertinent here, that "[i]f a political subdivision consists of more than one county, then the district or party committee for such subdivision shall be composed of the Chair of the County Committees of the various counties, or parts of counties, situated within the political subdivisions" (Party Rules of State Democratic Committee, art II, § 3 [a] [ii]). Inasmuch as the 43rd Senate District is comprised of all of Rensselaer County and a portion of Saratoga County, the relevant party committee consisted of Wade and M. Lynne Mahoney, the cochairs of the Rensselaer County Democratic Committee, and Larry Bulman, the chair of the Saratoga County Democratic Committee. Hence, in order for the challenged certificate of authorization to be valid, Wade, Mahoney and Bulman needed to meet, establish a quorum and, by majority vote, authorize Premo's nonparty nomination.

1. Although Premo had changed his enrollment from Republican to Democrat by the time such authorization was filed, he failed to do so prior to the deadline for this election cycle, thereby necessitating the certificate of authorization in order to seek the Democratic Party nomination.

2. Prior to the State Board's ruling, a separate proceeding was commenced seeking to prevent the State Board from accepting the certificate of authorization. Inasmuch as the petitioners in that proceeding ultimately received the relief sought, Supreme Court dismissed such proceeding as moot and it is not part of the instant appeal.

The record before us makes clear, and indeed petitioners acknowledge, that no such meeting of the relevant party committee occurred and, therefore, Supreme Court quite properly concluded that the certificate of authorization is invalid (*see Matter of Silano v Oxford*, 10 AD3d 466, 467 [2004], *lv denied* 3 NY3d 603 [2004]; *Matter of Turso v Sunderland*, 242 AD2d 351 [1997]). Petitioners' remaining contentions, including their assertions that it either was unnecessary or would have been futile for Wade, Mahoney and Bulman to convene as a party committee and, further, that the action taken by the Rensselaer County Democratic Committee at its June 3, 2006 meeting was sufficient to support the certificate of authorization it purported to issue, have been examined and found to be lacking in merit. In light of this conclusion, we need not address respondents' alternate grounds for affirming Supreme Court's order.

Crew III, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.