**Mtr of. Wohl v Rockland County Republican Comm.**

2024 NY Slip Op 33715(U)

October 21, 2024

Supreme Court, Rockland County

Docket Number: Index No. 036030/2024

Judge: Keith J. Cornell

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------- X

In the Matter of the Application of

LAUREN MARIE WOHL, JAMES FOLEY, JON P.
VALENTINO, and AIDEN ROWAN,

Petitioners,

-against-

ROCKLAND COUNTY REPUBLICAN
COMMITTEE,

Respondent.
------------------------------------------------------------------- X

**DECISION AND ORDER**

**Index No.:** 036030/2024

(Motion # 1 & 2)

**Hon. Keith J. Cornell, A.J.S.C.**

Before the Court is the verified petition (NYSCEF #1) of petitioners brought on by order

to show cause (NYSCEF #2) seeking an order (1) declaring null and void Section 12(L) of the

Rules and Regulations of the Rockland County Republican Committee (the "Bylaws") for

violating Election Law 2-112(b) by prohibiting an elected official from serving as chairperson,

secretary, or treasurer, and (2) requiring that the Rockland County Republican Committee conduct

its organizational meeting pursuant to Election Law 2-112 (b) and permit any enrolled member of

the Republican Party to be nominated and stand for election to the offices of chair, secretary,

treasure, or any other executive board positions.

Respondent, Rockland County Republican Committee (the "County Committee") opposes

the petition and filed a motion to dismiss.

The following documents were read and considered:

NYSCEF Doc. Nos. 1-15.

[* 1]

1 of 7

## THE PETITION

The petition alleges that Petitioners LAUREN MARIE WOHL, JON P. VALENTINO, AIDAN ROWAN and JAMES FOLEY are member of the Republican Party and that LAUREN MARIE WOHL, AIDAN ROWAN and JAMES FOLEY were elected at the June 2024 Primary Election to serve as members of the Respondent County Committee. Petitioner, JON VALENTINO is an elected official currently serving on the Town Board, Town of Clarkstown and is also the Republican nominee of the position of Town Board, Town of Clarkstown in the November 2024 general election. Petitioner LAUREN MARIE WOHL is an elected official, currently serving in the elected position of Town Clerk, Town of Clarkstown.

The County Committee is the duly constituted county committee for the Republican Party in Rockland County, pursuant to Election Law §2-104(1). The petition alleges that the Bylaws were filed with the Rockland County Board of Elections on October 7, 1996 (NYSCEF #8).

Article II, Section 12 (L)[1] provides: "[e]lected officials may not serve on the Executive Committee" ("Section 12(L)"). Article II, Section 6 (A) of the Bylaws provides, in pertinent part, that there "shall be an Executive Committee of the County Committee composed of the County Chairman, two (2) Vice Chairmen, Secretary, Treasurer, Committee Person At-Large and Director of Finance of the County Committee…"

The petition alleges that at the 2024 organizational meeting of the County Committee, Petitioner AIDAN ROWAN intends to nominate Petitioners LAUREN MARIE WOHL and JON VALENTINO to the County Committee positions of Vice Chairman and Secretary, respectively.

---

[1] The County Bylaws Table of Contents incorrectly denotes the relevant article as Article "11", Section 12

[* 2]

However, because of Section 12(L) of the Bylaws, when nominated, neither Petitioners LAUREN MARIE WOHL or JON VALENTINO will be able to serve as Vice Chairman or Secretary of the County Committee. The petition further alleges that at the 2024 organization meeting of the County Committee, Petitioner JAMES FOLEY will second the nominations of Petitioners LAUREN MARIE WOHL and JON VALENTINO and that, Petitioner LAUREN MARIE WOHL will second the nomination of JON VALENTINO for County Committee office of Secretary.

According to the petition, when nominated, Petitioner JON VALENTINO will accept the nomination of Secretary, but that despite being qualified to hold the office of Secretary, Bylaw Section 12(L) will prevent him from taking the position because he is currently an elected official.

According to the petition, when nominated, Petitioner LAUREN MARIE WOHL will accept the nomination of Vice Chairman, but that despite being qualified to hold the office of Vice Chairman, Bylaw Section 12(L) will prevent her from taking the position because she is currently an elected official.

Further, the petition alleges that Section 12(L) has also prevented both Petitioners LAUREN MARIE WOHL and JON VALENTINO from campaigning for the County Committee positions because they are being told any nomination to the office is futile as they cannot serve.

The petition alleges that because Election Law 2-112 requires the holding of the County Committee organizational meeting by October 6, 2024 [2] there is real and immediate harm to the petitioners.

---

[2] The holding of the organizational meeting is currently enjoined from taking place pursuant to this Court's order dated October 2, 2024 (NYSCEF # 6)

[* 3]

The petition further argues that Respondent County Committee has violated Election Law §2-112 by restricting who can serve on the executive committee. Petitioners cite Election Law §2-112(1) which states that "[e]very committee shall meet and organize by electing a chairman, a secretary, a treasurer and such other officers as they may pursuant to their rules." Petitioners argue that the only limitation on who can serve as an officer is that they must be "enrolled members of the party but need not be members of such committees" (Election Law §2-112[2]).

Petitioners argue that Section 12(L) providing that "[e]lected officials may not serve on the Executive Committee" is an illegal restriction upon who can be elected as the chairman, secretary, and treasurer of the County Committee and they seek both injunctive relief and a declaratory judgment declaring Section 12(L) illegal and null and void.

MOTION TO DISMISS

The County Committee seeks dismissal based on res judicata. The County Committee correctly points out that this Court dismissed an earlier petition (Index # 035617/2024) due to a finding that there was no justiciable controversy. In the previous litigation, while not necessarily inviting the petitioners to return, this Court did acknowledge the possibility that, upon a different set of facts, justiciability could be established. The County Committee argues that the Petitioners are now seeking a second "bite at the apple" and should be precluded from doing so.

DISCUSSION

Based upon this Court's reading of the allegations contained in this petition, the Petitioners have now established a justiciable controversy. Notwithstanding the County Committee's argument that the allegations do not allege a justiciable controversy, the Petitioners show that there is a legitimate and imminent threat to their rights to seek a party office because of Section 12(L).

4

[* 4]

Under these circumstances, the alleged harm to the Petitioners is not theoretical or speculative. It is real and imminent. Given the time sensitivity of Election Law cases and, in this case, an intraparty skirmish, the Court is mindful of providing a prompt determination.

Now that there is a controversy ripe for judicial examination, it is apparent that whether Section 12(L) is violative of the Election Law is purely a legal question. There are no facts in dispute on that narrow question. Thus, no hearing is needed, as requested by the County Committee.

A county political committee "is a creature of statute subject to regulation under the Election Law [see, Election Law section 2–104; Littig v. Democratic Committee of Queens County, 179 Misc. 520, 38 N.Y.S.2d 214 (Sup.Ct. Queens Cty.1942); see also, Matter of Battipaglia v. Executive Comm., 20 Misc.2d 226, 228, 191 N.Y.S.2d 288 (Sup.Ct. Queens Cty.1959); Matter of Casey v. Nuttall, 62 Misc.2d 386, 389, 308 N.Y.S.2d 957 (Sup.Ct. Rensselaer Cty.1970) ]. Although political parties are afforded wide latitude in adopting rules for party governance, [internal footnote omitted] such rules cannot conflict with statutory directives (Kahler v. McNab, 48 N.Y.2d 625, 421 N.Y.S.2d 53, 396 N.E.2d 200; Lugo v. Board of Elections, 123 Misc.2d 764, 474 N.Y.S.2d 910 (Sup.Ct.N.Y.Cty.1984)). Thus, a rule adopted by a County Committee "imposing upon the eligibility of candidates for membership limitations more restrictive than the statutory provision is invalid" [Hammer v. Curran, 203 Misc. 417, 422, 118 N.Y.S.2d 268 (Sup.Ct. Albany Cty.1952) ]. By a parity of reasoning, rules restricting eligibility for party positions may also be invalid [Matter of McSweeney v. Rep. Cty. Committee, 61 Misc.2d 869, 307 N.Y.S.2d 88 (Sup.Ct. Bronx Cty.1970) ].[internal footnote omitted]." (See Terenzi v. Westchester County Committee of the Conservative Party of New York, 171 Misc. 2d 93 ).

[* 5]

Party rules that are more restrictive than the election law have been struck down in other contexts such as holding party position, <u>McSweeney v. Republican County Committee,</u> (1970) 61 Misc.2d 869, 307 N.Y.S.2d 88. Rules of the various party committees have long been held by New York Courts to be superseded by the express provisions of the election law [see, <u>Blaikie v. Knott,</u> 277 A.D. 461, 100 N.Y.S.2d 665 (1950)]. Section 12(L) imposes a restriction upon who may stand for nomination and election to the party offices of the County Committee. As the Court in <u>Terenzi</u> wrote:

> The provision in <u>Election Law 2–112</u> that officers need not be members of such a committee was clearly intended to prevent a monopolization of power by members of the County Committee. The singular requirement that the person be a member of the party was designed to ensure that any person who was a member could be elected to the position of officer. The amendments at bar contravene <u>Election Law section 2–112</u> by altering the eligibility requirements for party offices. In addition, even if the amendments do not facially conflict with <u>Election Law section 2–112,</u> in that it is theoretically possible for a person to be elected as an officer who is not a member of the County Committee, the effect is clear—the amendments diminish the pool of eligible candidates for party offices.

The <u>Terenzi</u> Court reasoned that any committee rule which is more restrictive than merely being a party member would violate the Election Law. While <u>Terenzi</u> was not examining a prohibition against elected officials holding a party office, the logic is the same. The Election Law has established only one requirement for holding a party office—that is, being an enrolled member of the party. Thus, any party member is eligible to hold a party office. Section 12(L) would prevent certain party members from holding a party office. It is of no moment that such a restriction would only affect a small cadre of potential party officer candidates. It is a restriction which imposes an eligibility requirement above and beyond that which Election Law 2-112 explicitly provides. Therefore, Section 12(L) violates the Election Law and shall be deemed null and void and

6

[* 6]

unenforceable. This determination does not enmesh the Court in the internal workings of a political party. Like the making of legislation and sausage, the internal affairs of party committees are not always a pretty sight. Committees are free to manage their internal affairs provided that the requirements of applicable state law are met.

Based upon the foregoing, it is

ORDERED, that Section 12(L) of the County Committee's Bylaws is hereby declared illegal and shall be null and void and deemed stricken from the Bylaws and of no further force and effect; and it is further,

ORDERED, that this Court's order dated October 2, 2024 establishing the temporary restraints upon the conduct of the Respondent County Committee from noticing and holding its organizational meeting pursuant to Election Law 2-112 is hereby vacated in its entirety; and it is further,

ORDERED, that the County Committee shall duly conduct the statutorily required organizational meeting on or before thirty (30) days from the date hereof.

The foregoing shall constitute the Decision and Order of this Court.

Dated: New City, New York
      October 21, 2024

HON. KEITH J. CORNELL
**Acting Justice of the Supreme Court**

To: All Counsel via NYSCEF

[* 7]